THE STATE, DEFENDANT IN ERROR, v. CHARLES B. RUNYON, PLAINTIFF IN ERROR.

Submitted March 20, 1919—Decided June 5, 1919.

1. An appellate court will not consider a ground of reversal which challenges the sufficiency of the testimony. It is only where the contention is that there is no evidence whatever to support the verdict that the court will examine the testimony, and then only for the purpose. of ascertaining whether such contention is well founded.

2. A jury has a right to use their own experience in the considera-- tion of the credit to be given to the testimony of a witness; they may consider the demeanor of the witness, his manner of testifying, his appearance, mental capacity, power of observation, closeness of attention, the probability of his statements, and their inconsistencies and contradictions, and other matters which would constitute a proper test under the circumstances of the case.

On error to the Union County Court of Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the plaintiff in error, *William R. Wilson.*

For the state, *Walter L. Hetfield, Jr.,* prosecutor of the pleas.

The opinion of the court was delivered by

GUMMERE, ·CHIEF JUSTICE. The plaintiff in error was convicted of an atrocious assault and battery committed on one Robert Alpaugh, the night ticket agent of the Central Railroad Company of New Jersey, at its office in Westfield.

The first ground of reversal urged before us is that there was not sufficient evidence to justify this conviction. It has been repeatedly held by this court that it will not consider a ground of reversal which challenges the sufficiency of the testimony. It is only where the contention is that there is

no evidence whatever to support the verdict that the court will examine the testimony, and then only for the purpose of ascertaining whether such contention is well founded.

Next it is argued that there was error in the refusal of the court to charge a request submitted by the defendant bearing on the question of reasonable doubt. This contention is without merit. The court did not refuse to charge the request, but, on the contrary, after reading it to the jury, stated that it was a mere repetition of what had already been charged. The accuracy of this judicial statement was not challenged by the plaintiff in error, and our examination of the instruction to the jury satisfies us that it was accurate.

The next contention is that the court erred in the following portion of its instruction to the jury: "The jury may consider, among other things, in ascertaining the truth, the demeanor of a witness, his manner of testifying, his appearance, mental capacity, power of observation, closeness of attention, the probability of his statements, and their inconsistencies and contradictions, *and all other things that may be inferred from experience, or which the jury may deem proper under the circumstances.*" The objection is directed at the last clause of this instruction. Its meaning, as it seems to us, is that the jury had a right to use their own experience in the consideration of the credit to be given to the testimony of a witness; that they might consider, not only the matters specifically mentioned, but other matters which would constitute a proper test under the circumstances of the case. So construed, it is not legally objectionable. The argument of counsel is based upon the proposition that this instruction permits the jury to infer from their own experience what the verdict should be, and permits them to arrive at a conclusion other than what the evidence would require them to find. The underlying proposition is not, in our opinion, justified by the language used.

The last ground of reversal which is argued is directed at the action of the trial court in permitting the prosecutor of the pleas, over objection, to ask the following questions of the plaintiff in error while on the witness-stand: "Now, on

April 29th, 1908, you pleaded guilty in Hudson county, in the Court of Quarter Sessions, of the crime of grand larceny?" "On April 29th, 1908, did you plead guilty to the crime of petit larceny in the Court of Quarter Sessions of Hudson County?" "On June 11th, 1915, did you not plead guilty to two charges of burglary in the Court of Quarter Sessions of Hudson County?" "On May 15th, 1914, did you not plead guilty in the Court of Quarter Sessions of Union County to four indictments charging you with the crime of breaking and entering with intent?" Each of these questions the defendant answered in the affirmative. As we understand the argument of counsel upon this point it is based upon the theory, first, that a conviction of crime cannot be shown against a defendant unless the nature of the crime is such as to render him infamous; and second, that the only way to prove the conviction is by the production of the judgment record, or by the admission of the defendant that such conviction has been had; his position being that a plea of guilty is not a conviction, but a step in the cause antecedent thereto, and that it is only the conviction itself which is permitted to be shown under the first section of our Evidence act. Both of these questions, however, have been resolved by the Court of Errors and Appeals adversely to this theory. *State* v. *Henson*, 66 *N. J. L.* 601.

The judgment under review will be affirmed.