129 N.J. Super. 8 (1974)
322 A.2d 174
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JULIUS BLUE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 14, 1974.
Decided June 4, 1974.
*9 Before Judges HALPERN, MATTHEWS and BISCHOFF.
Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Mr. Robert D. Robinson, Designated Counsel, of counsel and on the brief).
*10 Mr. William F. Hyland, Attorney General, attorney for respondent (Mr. Solomon Rosengarten, Deputy Attorney General, of counsel and on the brief).
PER CURIAM.
Defendant was convicted by a jury of armed robbery in violation of N.J.S.A. 2A:141-1 and N.J.S.A. 2A:151-1. On appeal he urges that (1) admission of a comment he made was error; (2) it was error to permit the State to question him concerning a prior conviction then on appeal; (3) the identification procedures were unduly suggestive.
The issue of guilt was sharply contested. The victim of the offense was robbed at gunpoint by two men, one short and one tall, at approximately 10 A.M. as he drove his catering truck from a construction site where he had just served three men. The attack was witnessed by the construction workers, but they were unable to identify the perpetrators. After an unsuccessful attempt to identify the robbers from a mug shot book, the victim identified defendant from a group of five or six photographs as the taller of the two men. He also subsequently identified defendant through a television screening and a lineup.
Defendant personally and through his several witnesses presented an alibi defense. His employer testified that he personally saw defendant at his place of business during the time the robbery was said to have occurred. Other witnesses recalled seeing defendant around the time of the robbery as he performed duties on behalf of his employer.
When the police came for the purpose of having defendant appear in a lineup, defendant was overheard to say to an unidentified man standing next to him, "Call my lawyer. They're here after me." That statement was admitted in evidence over protests that it was irrelevant. While the second part of the statement may have been relevant to show consciousness of guilt (State v. Mills, 51 N.J. 277, 286 (1968), cert. den. 393 U.S. 832, 89 S.Ct. 105, 21 L.Ed.2d *11 104 (1968)), defendant now argues that admission of the entire statement violated his Sixth Amendment right to counsel.
Admission of a statement similar to this was considered in State v. Macon, 57 N.J. 325 (1971). Under the facts existing there, it was found that no right to counsel existed at the time at which defendant uttered the comment and that error, if any, in admitting the statement was harmless because the utterance only indicated "awareness of involvement in a legal predicament." 57 N.J., at 331-333.
During the trial counsel for defendant made no objection on Sixth Amendment grounds and indicated that he felt the statement was not of particular significance in the context of the whole trial. He argued to the jury that it was a natural reaction to defendant's overhearing the request, apparently made to his employer, that defendant come to the police station. The State argued that the statement showed consciousness of guilt. No objection was made to the portion of the State's summation which included reference to the utterance.
We are unable to apply the Macon rule here since we find the factual circumstances existing in this case unsupportive of a harmless error conclusion. As mentioned, the issue of guilt was sharply contested, and the outcome clearly rested on the credibility of the victim and defendant. We believe that it would be improper to permit the State under such circumstances to use defendant's constitutional right to request counsel as evidence of guilt. Justice requires otherwise.
Defendant urges as his second point that the trial judge erred in allowing him to be questioned concerning a conviction which was then on appeal. We are now advised that the conviction was subsequently reversed. Until State v. Leonard, 126 N.J. Super. 308 (Law. Div. 1974), no case in our State dealt with this problem. Leonard decided that a conviction on appeal could be used for impeachment purposes, basing the result on the court's interpretation of N.J.S.A. 2A:81-12 and State v. Hawthorne, 49 *12 N.J. 130 (1967), by analogy. The majority of the jurisdictions which have considered this issue have found such a conviction may be used since it represents a final judgment. See generally, Annotation, "Permissibility of Impeaching Credibility of Witness by Showing Former Conviction, As Affected by Pendency of Appeal from Conviction or Motion for New Trial," 16 A.L.R.3d 726 (1967). On the other hand, the jurisdictions which hold a conviction on appeal not to be admissible have legislation or case law indicating that a conviction is not final until it has been affirmed on appeal. See Fenwick v. United States, 102 U.S. App. D.C. 212, 252 F.2d 124 (D.C. Cir.1958), citing Campbell v. United States, 85 U.S. App. D.C. 133, 176 F.2d 45, 47 (D.C. Cir.1949); State v. Blevins, 425 S.W.2d 155 (Mo. Sup. Ct. 1968); Adkins v. Commonwealth, 309 S.W.2d 165 (Ky. App. 1958); Ringer v. State, 137 Tex. Cr. R. 242, 129 S.W.2d 654, 656 (Cr. App. 1938).
In this State a criminal judgment becomes final when sentence has been imposed. State v. Hintenberger, 41 N.J. Super. 597, 601 (App. Div. 1956), certif. den. 23 N.J. 57 (1956); State v. Spagnola, 48 N.J. 326, 329 (1966). Judgment is not suspended pending appeal. N.J.S.A. 2A:81-12, which allows prior convictions to be used for impeachment purposes, appears to be unqualified. See State v. Hawthorne, 49 N.J. 130 (1967). However, we find it to be fundamentally unfair to permit the use of a prior conviction to impeach credibility while the very credibility of this conviction itself is under attack through the appellate process. Ths is borne out under the facts of this case which involved a close question of guilt depending largely on the jurors' resolution of who was telling the truth. We believe that the prior conviction should have been excluded because it was on appeal. Campbell v. United States, 85 U.S. App. D.C. 133, 176 F.2d 45, 47 (1949).
Lastly defendant contends that the identification procedure used here was impermissibly suggestive because the victim made two photographic and two personal identifications. *13 There is no indication that the victim needed reinforcement to identify defendant, as was the case in Foster v. California, 394 U.S. 440, 89 S.Ct. 1127, 22 L.Ed.2d 402 (1969). To the contrary, the record discloses that the victim was careful, intelligent and consistent in his identifications. The issue created was clearly one for resolution by the jury. We find no violation of due process. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).
Reversed and remanded for a new trial.