133 N.J. Super. 398 (1975)
336 A.2d 762
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
VINCENT D. BAKER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 4, 1975.
Decided March 21, 1975.
*399 Before Judges KOLOVSKY, LYNCH and ALLCORN.
Mr. Edward J. Ennis, Designated Counsel, argued for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney).
Ms. Susan W. Sciacca, Deputy Attorney General, argued for respondent (Mr. William F. Hyland, Attorney General, attorney).
The opinion of the court was delivered by LYNCH, J.A.D.
This is one of the three appeals presently before this court arising out of convictions of defendant on separate counts of Monmouth County Indictment No. 557-70. That indictment contained six counts. By agreement of the State, the counts were severed for trial or other disposition into three parts, each part referring to a seperate date and containing two counts wherein defendant was respectively charged with possession and sale of heroin.[1]
This appeal relates to defendant's convictions after jury trial on the first and second counts of the indictment, respectively charging possession and sale of heroin on January 7, 1971.
The essence of defendant's contention on this appeal is that prejudicial error resulted when defense counsel was limited in his cross-examination of the State's principal witness, Anthony Martinez, an undercover narcotics investigator for the *400 State Police. Martinez testified on direct that he had purchased the heroin from defendant on January 7, 1971. On cross-examination defense counsel brought out the fact that Martinez, at the time of his testimony, was under suspension from the State Police. The trial court sustained the prosecutor's objection to any further inquiry into this matter, in spite of defense counsel's proffer that Martinez had in fact pleaded guilty to an indictment charging him with misconduct in office, specifically, in the words of counsel to a charge that "he had agreed to obtain certain controlled dangerous substances for an Ida Merrino (phonetical) and that he became privy to the knowledge of the transactions involving a Michael Zervos, which knowledge he had not transmitted to his immediate superiors." Defense counsel argues that such cross-examination was proper, first, as evidencing a conviction of crime pursuant to N.J.S.A. 2A:81-12, and, second, as showing possible interest of the witness resting in the hope of favorable treatment in his sentencing in return for his testimony on behalf of the State.
The State argues that since Martinez had not yet been sentenced pursuant to his guilty plea, there was no "conviction" which would be admissible to affect his credibility under the statute. As to defendant's contention that the cross-examination was proper to show Martinez' "interest" and hope of favorable treatment, it is the State's contention that, since Martinez had been involved in many other similar transactions as an undercover man, and his report on this incident had been prepared long before he was indicted, there was "no chance that his trial testimony was a fabrication invented to mollify the prosecutor." It is contended that in the absence of a showing that Martinez' testimony had deviated from his prior reports, there was no prejudice by reason of the restriction of cross-examination. Further the State argues, citing Evid. R. 4, that the exclusion of the cross-examination was a permissible exercise of discretion by the trial judge, particularly in view of the fact that the witness' criminal involvement *401 did not relate to the cause in which he was testifying.
N.J.S.A. 2A:81-12 provides that, for the purpose of affecting the credibility of a witness his "conviction" of crime or his "interest" may be shown. The first question here is whether a plea of guilty without sentence constitutes a "conviction" within the meaning of that statute.
There is a split of authority as to whether a verdict of guilty without judgment of sentence may be shown to affect credibility. See Annotation, "Permissibility of impeaching credibility of witness by showing verdict of guilty without judgment of sentence thereon," 14 A.L.R.3d 1272 (1967). In our own State it was held in State v. Henson, 66 N.J.L. 601 (E. & A. 1901), by a closely divided court, that a plea of guilty or of nolo contendere could be shown for the purpose of affecting credibility of a witness. There the court said:
In Commonwealth v. Lockwood, 109 Mass. 323, Mr. Justice Gray correctly states the distinction between the terms "conviction" and "judgment" in this language:
"`The ordinarly legal meaning of conviction,' when used to designate a particular stage of a prosecution triable by a jury, is the confession of the accused in open court, or the verdict returned against him by the jury, which ascertains and publishes the fact of his guilt; while `judgment' or `sentence' is the appropriate word to denote the action of the court * * * declaring the consequences to the convict of the fact thus ascertained." [at 607; emphasis supplied]
The reasoning Henson was approved and followed in Hill v. Maxwell, 77 N.J.L. 766 (E. & A. 1909), and State v. Runyon, 93 N.J.L. 16 (Sup. Ct. 1919); see State v. Duelks, 97 N.J.L. 43, 48 (Sup. Ct. 1922); cf. State v. McCall, 27 N.J. Super. 157, 171 (App. Div. 1953), rev'd on other grounds 14 N.J. 538 (1954).
On an issue of credibility of a witness we believe the logic of the situation compels the conclusion that a plea of guilty is as relevant as a judgment after sentence. The witness' credibility is equally affected by both and the sentence adds *402 no more taint to that factor than is implicit in a plea of guilty.
And, under State v. Hawthorne, 49 N.J. 130 (1967), trial judges have no discretion under N.J.S.A. 2A:81-12 to disallow impeachment by use of previous convictions. "On the contrary, the parties are invested with the option and if it is exercised the examination must be allowed or the record of conviction received when offered." Id. at 135.
Furthermore, even in the absence of a conviction, evidence of Martinez' "interest in the result of the action, proceeding or matter" is clearly admissible under the same statute. We think the rule is the same even where, as here, the potential interest or bias of the witness in favor of the State pertains to his criminal involvement in an unrelated cause. See Alford v. United States, 282 U.S. 687, 693, 51 S.Ct. 218, 75 L.Ed. 624 (1931); State v. Curcio, 23 N.J. 521, 526-527 (1957); State v. Zwillman, 112 N.J. Super. 6, 18-19 (App. Div. 1970), certif. den. 57 N.J. 603 (1971); Annotation, "Preventing or limiting cross-examination of prosecutor's witness as to his motive for testifying," 62 A.L.R.2d 610 (1958) §§ 3 and 5. The difference between the interest of a prosecution witness who is an accomplice and the interest of one who faces trial or sentencing on unrelated criminal charges is solely one of degree. Cf. State v. Mangrella, 86 N.J. Super. 404, 408 (App. Div. 1965). The distinction may affect the weight to be given the impeaching evidence, but not its admissibility. It was for the jury to consider Martinez' upcoming sentencing, and to evaluate any hopes of leniency, or any fears of stringent treatment, he may have had as a consequence of his testimony. The trial judge committed prejudicial error in limiting the cross-examination of this key prosecution witness. Since reversal follows we do not reach defendant's remaining contentions.
The convictions on the first and second counts are reversed and a new trial is ordered thereon.
NOTES
[1] The other appeals pending in this court are A-2195-72, 133 N.J. Super. 394, stemming from convictions after trial on counts three and four of the indictment, and A-520-72 stemming from a conviction entered on count six pursuant to a plea bargain involving counts five and six. Opinions therein are being filed today.