133 N.J. Super. 394 (1975)
336 A.2d 760
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
VINCENT D. BAKER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 4, 1975.
Decided March 21, 1975.
*395 Before Judges KOLOVSKY, LYNCH and ALLCORN.
Mr. Edward J. Ennis, designated counsel, argued for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney).
Ms. Susan W. Sciacca, Deputy Attorney General, argued for respondent (Mr. William F. Hyland, Attorney General, attorney).
The opinion of the court was delivered by LYNCH, J.A.D.
This is one of the three appeals presently before this court arising out of convictions of defendant on separate counts of Monmouth County Indictment No. 557-70. That indictment contained six counts. By agreement of the State the counts were severed for trial *396 or other disposition into three parts, each part referring to a separate date and containing two counts wherein defendant was respectively charged with the possession and sale of heroin.[1]
This appeal relates to defendant's convictions after jury trial on the third and fourth counts of the indictment, respectively charging possession and sale of heroin on December 23, 1970.
As in our decision in A-1631-72, 133 N.J. Super. 398, we reverse because of the trial judge's improper limiting of cross-examination of Anthony Martinez, an undercover narcotics investigator for the State Police and the key prosecution witness. In the instant case, at the time of his testimony below Martinez had been indicted by the State for misconduct in office and by the Federal Government for conspiracy to move contraband in interstate commerce. He had not, however, pleaded guilty to the state indictment, in contrast to the situation at the trial of A-1631-72, by which time Martinez had entered a guilty plea to the state indictment.
Since there was no plea of guilty by Martinez on his indictment and no jury conviction thereon at the time of the trial below, there could have been no cross-examination under N.J.S.A. 2A:81-12 with respect to his "convictions." However, under the same statute the "interest" of a witness may be shown for the purpose of affecting his credibility. Martinez' "interest" arises from the possibility that in return for his testimony he had received a promise of lenient treatment on the indictments then pending against him or, on the other hand, was apprehensive of more stringent treatment thereon if he did not so testify. The trial court, following *397 a voir dire conducted outside the presence of the jury, during which the witness denied receiving any such promises or holding any such expectations, refused to allow any mention to the jury of either the indictments or Martinez' suspension from the State Police.
This ruling constituted prejudicial error. Defendant was entitled to have the jury informed of Martinez' status in the eyes of the law, both from the State's point of view as well as the Federal Government's. State v. Curcio, 23 N.J. 521, 527 (1957). The fact that he denied holding any expectation of leniency in return for his testimony was merely another fact to be considered by the jury, not by the trial judge, in assessing his credibility. And it is immaterial for purposes of admissibility whether the pending indictments relate to the same cause in which the witness is testifying. See Alford v. United States, 282 U.S. 687, 693, 51 S.Ct. 218, 75 L.Ed. 624 (1931); State v. Curcio, supra; State v. Zwillman, 112 N.J. Super. 6, 18-19 (App. Div. 1970), certif. den. 57 N.J. 603 (1971); Annotation, "Preventing or limiting cross-examination of prosecutor's witness as to his motive for testifying," 62 A.L.R.2d 610, §§ 3 and 5 (1958).
Since reversal follows we do not reach defendant's remaining contentions. The convictions on counts three and four of the indictment are reversed and a new trial ordered thereon.
NOTES
[1] The other appeals pending in this court are A-1631-72, stemming from convictions after trial on counts one and two of the indictment, and A-520-72 stemming from a conviction entered on count six pursuant to a plea bargain involving counts five and six. Opinions therein are being filed today.