155 N.J. Super. 11 (1977)
382 A.2d 82
STATE OF NEW JERSEY, PLAINTIFF,
v.
RAFAEL RIOS, DEFENDANT.
Superior Court of New Jersey, Law Division (Criminal).
Decided October 20, 1977.
*12 Ms. Joyce Lamb, Assistant Prosecutor, for the State (Mr. Burrell Ives Humphreys, Passaic County Prosecutor, attorney).
Mr. Richard Barone for Defendant.
RUMANA, J.S.C.
The limited issue to be decided in this matter is best stated by the question: Can a defendant's prior conviction of crime, found by a jury, be used to affect his credibility at a later trial on another offense, where the defendant has not yet been sentenced on the prior conviction? This precise question does not appear to have been previously decided in this jurisdiction.
Defendant Rios was indicted for unlawful possession of cocaine allegedly committed on August 7, 1974. On motion, he was granted suspension of proceedings on March 3, 1975 under N.J.S.A. 24:21-27. However, during the period of the suspension order, and specifically on August 10, 1976, Rios was arrested on a new drug-related offense which resulted in an indictment on December 22, 1976 charging him with possession with intent to distribute a controlled dangerous substance.
This latter event caused the court to terminate the suspension order on April 26, 1977, and the earlier (1974) indictment was restored to the trial calendar.
As it turned out, defendant was first tried to a jury on the 1976 indictment and was found guilty on July 27, 1977. Two sentence dates scheduled by the trial judge were adjourned at the request of Rios' attorney.
*13 While awaiting sentence on his conviction defendant was tried in this court on the 1974 indictment. During the trial, and out of the presence of the jury, the State sought a ruling on the admissibility of defendant's earlier guilty verdict to affect his credibility at this trial if he should take the stand and testify. Defense counsel argued against the admission of this evidence on the ground that the jury's verdict of guilt does not become a "conviction" until defendant is sentenced. He further states this would be unfair to defendant because defendant has no right to appeal until after sentence is imposed and a conviction while on appeal may not be used to affect a witness's credibility. See State v. Blue, 129 N.J. Super. 8, 12 (App. Div. 1974).
Authority for using a prior conviction of crime to affect the credibility of a witness is set forth in N.J.S.A. 2A:81-12. Paraphrased, this statute provides:
For the purpose of affecting the credibility of any witness, his conviction of any crime may be shown by examination or otherwise and his answers may be contradicted by other evidence.
Furthermore, it has been held that the word "may" in the statute does not confer judicial discretion in the admissibility of prior convictions but rather grants permission to a party to offer this evidence to affect credibility and, if offered, must be allowed by the court.
In State v. Hawthorne, 49 N.J. 130 (1967), Justice Francis stated:
* * * In the context "may" connotes an authorization, a grant of permission to the parties to civil or criminal actions to show the witness's previous criminal conviction by the testimonial examination or by production of the record. * * * Thus, the "may" in the statute does not bespeak a grant of permission or discretion of the trial judge to receive or reject the proof. On the contrary, the parties are invested with the option and if it is exercised the examination must be allowed or the record of conviction received when offered. [at 135; emphasis supplied]
*14 It should also be noted that only convictions for indictable offenses may be used to affect a witness's credibility. State v. Rowe, 57 N.J. 293, 302 (1970); State v. Kociolek, 23 N.J. 400, 420 (1967).
Obviously, a prior conviction of crime is not admissible to attack the credibility of a defendant unless he testifies at the trial on his own behalf. State v. Manley, 54 N.J. 259, 266 (1969); State v. Nagy, 27 N.J. Super. 1, 7 (App. Div. 1953).
Although the question of admissibility of a jury verdict of criminal guilt before sentence thereon to affect credibility has not been decided, it has been held that a plea of guilty without judgment of sentence thereon is so admissible. See State v. Baker, 133 N.J. Super. 398 (App. Div. 1975) where the court said:
On an issue of credibility of a witness we believe the logic of the situation compels the conclusion that a plea of guilty is as relevant as a judgment after sentence. The witness' credibility is equally affected by both and the sentence adds no more taint to that factor than is implicit in a plea of guilty. [at 401]
Defendant argues that Baker is distinguishable from the present case because the former involved the credibility of a witness who was not a defendant. This point is without merit. The statute (N.J.S.A. 2A:81-12) is clear in its provision which begins with the language "For the purpose of affecting the credibility of any witness * * *" (Emphasis supplied).
Secondly, defendant claims that the issue in Baker involved a plea and not a jury's finding of guilt. He contends that a plea may not under ordinary circumstances be challenged successfully on appeal, whereas a jury's verdict may, and while the matter is on appeal the conviction may not be used to affect credibility. State v. Blue, supra. He states that defendant intends to appeal his prior conviction, and therefore reasons that since a notice of appeal may not be filed until after sentence, it would be fundamentally unfair *15 to permit the admission of the conviction before sentence is imposed.
This argument is rejected. The holding in State v. Blue addresses itself to a very narrow issue, i.e., to a conviction that is under attack through the appellate process. 129 N.J. Super. at 12.
This barrier to admissibility and the decisions precluding admissibility of a prior conviction where a defendant had no counsel and did not waive counsel at the time of his conviction, State v. Koch, 119 N.J. Super. 184 (App. Div. 1977); Loper v. Beto, 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972), appear to be the only exclusions to the use of prior convictions to affect credibility. Any other conviction, no matter what its status in the judicial process, may be so used. This is the mandate in State v. Hawthorne, supra.
Defendant's contention that a jury's verdict does not become a conviction until imposition of sentence thereon is not the law in this State.
Conviction and sentence are two separate stages of a criminal proceeding. Note the language in State v. Byra, 128 N.J.L. 429 (Sup. Ct. 1942), which states:
* * * We consider the law in this State to be as stated in section 1062 of volume 1, Bishop's New Criminal Law, viz., "a first count may set out the breaking and entering with intent to steal, and a second may allege the larceny as a separate thing, and thereon the defendant may be convicted and sentenced for both." [at 432; emphasis supplied]
The difference between conviction and sentence was observed in the case of State v. Henson, 66 N.J.L. 601 (E. & A. 1901). There the court said:
In Commonwealth v. Lockwood, 109 Mass. 323. Mr. Justice Gray correctly states the distinction between the terms "conviction" and "judgment" in this language:
"The ordinary legal meaning of "conviction", when used to designate a particular state of a prosecution triable by a jury, is the confession of the accused, in open court, or the verdict returned *16 against him by the jury, which ascertains and publishes the fact of his guilt; while "judgment" or "sentence" is the appropriate word to denote the action of the court before which the trial is had, declaring the consequences to the convict of the fact thus ascertained." [at 607; emphasis supplied]
See also, State v. McCall, 27 N.J. Super. 157, 171 (App. Div. 1953), rev'd on other grounds 14 N.J. 538 (1954), where the court said: "Such in our opinion further indicates that the words `conviction' and `sentence' are used in a mutually exclusive manner."
It was indicated that a defendant is deemed to be convicted prior to imposition of sentence in State v. Addy, 43 N.J.L. 113 (Sup. Ct. 1881), and that a conviction was complete when a jury returned a proper verdict. State v. Williams, 89 N.J.L. 234, 237 (E. & A. 1916).
For the reasons above set forth, the State may use defendant's prior conviction to affect his credibility, if he elects to testify although sentence has not yet been imposed thereon.