STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
WINFIELD ANDERSON, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued January 26, 1981—Decided January 27, 1981.

Before Judges BOTTER, KING and McELROY.

*Glenn A. Zeitz* argued the cause for appellant.

*Arnold Golden*, Assistant County Prosecutor, argued the cause for respondent (*John B. Mariano*, Camden County Prosecutor, attorney).

The opinion of the court was delivered by

KING, J. A. D.

We granted the defendant's motion for leave to appeal during his retrial on this double-murder indictment. *R.* 2:3–2. Defendant's original conviction was reversed because the jury had not been properly reinstructed after an alternate juror had replaced an original juror pursuant to *R.* 1:8–2(d) and following commencement of deliberations. *State v. Anderson*, 173 *N.J.Super.* 75, 83–84 (App.Div.1980); *see, also, State v. Trent*, 79 *N.J.* 251 (1979). The victims of the alleged murders were twin fetuses, seven or more months in the uterus, who were delivered by a Caesarian operation after the shooting. Their mother survived. The original trial judge held that these fetuses were "persons" within the meaning of our homicide laws and that their deaths resulting from the nonfatal shooting of their mother was murder. *State v. Anderson*, 135 *N.J.Super.* 423 (Law Div. 1975). That holding was affirmed by this court on the original appeal. *See* 173 *N.J.Super.* at 83.

The present interlocutory appeal presents the question of whether the defense may cross-examine a State's witness about his prior conviction for murder where the sentence imposed on that conviction is being challenged on appeal solely on the ground of excessiveness. John Stewart testified for the State at the original trial in 1975. On April 14, 1980 Stewart pleaded guilty to a double felony murder arising from the robbery of two men and the burning of their house. On June 2, 1980 he was sentenced to a single life term with a mandatory minimum of 25 years before possibility of parole. *See State v. Mills*, 51 *N.J.* 277, 289–290 (1968). His appeal, pending in this court, challenges only the extent of the sentence, not the integrity of the guilty plea. He contends therein that the sentencing judge did not properly weigh the aggravating and mitigating factors relevant to severity as delineated in *State v. Maguire*, 84 *N.J.* 508 (1980), before imposing the life sentence.

After Stewart testified on the State's case, defense counsel sought to cross-examine on the prior convictions under *N.J.S.A.* 2A:81–12 which states in full:

> For the purpose of affecting the credibility of any witness, his interest in the result of the action, proceeding or matter or his conviction of any crime may be shown by examination or otherwise, and his answers may be contradicted by other evidence. Conviction of crime may be proved by the production of the record thereof, but no conviction of an offender shall be received in evidence against him in a civil action to prove the truth of the facts upon which the conviction was based.

*See, also, State v. Sands,* 76 *N.J.* 127 (1978). The trial judge ruled the cross-examination inappropriate because of the pending appeal, relying on *State v. Blue,* 129 *N.J.Super.* 8, 11 (App.Div.), certif. den. 66 *N.J.* 328 (1974). In *Blue* we held that the trial court had erred in allowing defendant appellant to be questioned concerning a prior conviction which was then on appeal and which was subsequently reversed. We there stated:

> ... However, we find it to be fundamentally unfair to permit the use of a prior conviction to impeach credibility while the very credibility of this conviction itself is under attack through the appellate process. This is borne out under the facts of this case which involved a close question of guilt depending largely on the jurors' resolution of who was telling the truth. We believe that the prior conviction should have been excluded because it was on appeal. [*Id.* at 12]

The panel in *Blue* recognized that "the majority of the jurisdictions which have considered this issue have found such a conviction may be used since it represents a final judgment." *Ibid.* *See State v. Leonard,* 126 *N.J.Super.* 308, 310 (Law Div. 1974); *McCormick, Evidence,* § 43 at 87, n. 66 (1972). The *Federal Rules of Evidence* permit the use of a conviction on appeal for impeachment purposes: "The pendency of an appeal may be shown but does not affect admissibility." *Federal Rules of Evidence* § 803(22). Our Supreme Court has never spoken on the topic.

We do not find *Blue* persuasive authority for precluding the cross-examination of Stewart on his prior convictions for two reasons. Stewart is not attacking the integrity of his guilty plea and conviction but only the severity of his sentence. The only remedy he seeks is resentencing. Stewart is only a witness, not a defendant. Thus, the possibility of a reversal of the prior conviction and a remand for resentencing does not seed the present trial with potential error requiring possible future rever-

sal of any conviction on direct appeal, as in *Blue*, or vacation on post-conviction relief. *R*. 3:22.

The evidentiary ruling of the trial judge is reversed. *R*. 2:11–2.