189 N.J. Super. 22 (1982)
458 A.2d 522
STATE OF NEW JERSEY, PLAINTIFF,
v.
ARON EDDY, DEFENDANT.
Superior Court of New Jersey, Law Division Morris County.
Decided December 9, 1982.
*23 Jeffrey M. Advokat, Assistant Prosecutor, for the State (Lee S. Trumbull, Prosecutor, Morris County, attorney.).
Daniel W. Pariser for defendant Aron Eddy.
MacKENZIE, J.S.C.
On November 17, 1982 defendant was convicted by a jury of possession of a weapon in violation of N.J.S.A. 2C:39-7. His sentence was scheduled for January 7, 1983. Defendant was then tried before a different jury on severed counts of the same indictment which allege aggravated assault (N.J.S.A. 2C:12-1b.(4)) and possession of a weapon for an unlawful purpose (N.J.S.A. 2C:39-4(a)).[1] The issue here is whether defendant can be confronted at this second trial with this jury verdict of guilty for which he has not yet been sentenced.
In New Jersey a conviction which is on appeal is not admissible under N.J.S.A. 2A:81-12[2] to impeach the credibility of a defendant witness. State v. Blue, 129 N.J. Super. 8 (App. Div. 1974), certif. den. 66 N.J. 328 (1974). The Blue doctrine was later limited in application to those appeals which attack the integrity of the conviction, not those which only challenge excessiveness of the sentence. State v. Anderson, 177 N.J. Super. 334 (App.Div. 1981).
*24 Defendant has indicated an intention to appeal his guilty verdict regardless what sentence is imposed on January 7.[3] At hearings held prior to that first trial, issues involving suppression of evidence and admissibility of defendant's incriminatory statements to police had been decided adversely to defendant. The State could not have proven the guilt of defendant without use of the evidence which was authorized by those decisions. Without retreating from any of those previous decisions, I would characterize defendant's constitutional issues raised as being legitimate for appellate review.
An appeal can only be taken "from the final judgment of a court." R. 2:5-1(a). If a conviction is inadmissible where the defendant has been tried, convicted, sentenced and then filed a notice of appeal, then logic would dictate that a verdict of guilty which is not yet appealable should be treated no differently. The only opinion in New Jersey on this point, however, reached a contrary conclusion. See State v. Rios, 155 N.J. Super. 11 (Law Div. 1977). In Rios defendant was found guilty of a drug offense. Prior to his sentencing, he was tried for an unrelated drug offense. The trial judge allowed the prosecutor to confront defendant with the prior jury verdict since there was no appeal pending. I disagree with that use of a verdict of guilty.
In reliance on State v. Hawthorne, 49 N.J. 130 (1967), the trial judge in Rios read N.J.S.A. 2A:81-12 to mandate the admission of any prior criminal conviction which was not then on appeal. Subsequent to the Rios opinion the Supreme Court handed down its opinion in State v. Sands, 76 N.J. 127 (1978). In overturning the Hawthorne rule the Supreme Court construed the statute to confer discretion upon the trial judge to exclude proof of a prior conviction. At a hearing out of the presence of a jury the court must consider the age of the prior conviction(s), the nature of the crimes for which the conviction resulted, whether defendant *25 had been represented by counsel, the presence or absence of intervening convictions, and other relevant factors. If the court determines, pursuant to Evid.R. 4, that the prejudicial impact of the prior conviction substantially outweighs its impeachment value, evidence of the conviction may be excluded. Sands, 76 N.J. at 144-145.
The Sands opinion does not indicate that a different standard should apply depending upon whether the witness is the defendant, a defense witness or a State's witness. The rationale for discretion to exclude proof of prior conviction in Sands was, however, the chilling effect such proof would have upon a defendant in deciding to testify. The Supreme Court indicated that a defendant may well be discouraged from testifying because evidence of prior conviction would be used by the State on cross-examination. Despite a limiting cautionary instruction from the trial judge pursuant to Evid.R. 6, the concern was that knowledge of the earlier conviction would increase the likelihood of another conviction because the jury would infer incorrectly that the defendant is criminally predisposed.
In the courtroom a defendant has a different legal status compared to a prosecution witness or to a defense witness. As suggested in State v. Balthrop, 179 N.J. Super. 14 (App.Div. 1981), aff'd 92 N.J. 542 (March 31, 1983), that same conviction which should not be admissible to impeach a defendant could be used to discredit a prosecution witness. State v. Baker, 133 N.J. Super. 398 (App.Div. 1975), points out that a state witness who has been convicted but not yet sentenced may be motivated by a hope for leniency in his testimony. To show his possible interest, bias or prejudice, that witness may properly be confronted by a conviction. Of course, the defendant also has a real interest in the outcome of the trial. However, his self-interest is obvious to everyone concerned and does not therefore require special emphasis.
Let us consider the potential prejudice to a defendant in permitting the introduction into evidence of previous, but not *26 yet final, conviction. "Conviction," using the word in its N.J.S.A. 2A:81-12 sense, of a crime is admissible because it may tend to prove that a person who has lacked regard for the laws of society in the past may be less likely to be telling the truth even when under oath. Particularly when the conviction is for a crime involving fraudulent conduct, the conviction may indicate to the jury a defectiveness of character of the witness in respect to truthfulness.
A jury verdict of guilty stands on a different footing. It establishes only that the jury believed the accused to be guilty. Until sentence is pronounced and the time for appeal expired, the issue is not necessarily closed. The trial judge may grant a new trial (R. 3:20-1), or the judgment may be arrested (R. 3:21-9); the judgment of conviction reversed by an appellate court. If any of such events occur, the guilty verdict loses all its significance. The jury verdict of guilty without the finality of a judgment of conviction has the capacity to impeach the credibility of the defendant witness in the eyes of the jury. But, as evidence that the moral character of the witness for truth is bad, it is unreliable because of its incompleteness.
In concluding that for purposes of N.J.S.A. 2A:81-12 there is no difference between conviction and sentence, the Rios opinion relies heavily upon the definition of "conviction" contained in State v. McCall, 27 N.J. Super. 157, 171 (App.Div. 1953), rev'd on other grounds 14 N.J. 538 (1954). McCall instructs that a person is deemed to be convicted after the jury returns its verdict, not when the judgment of conviction is signed. McCall resolved the issue of whether a defendant's previous conviction for which he received a suspended sentence could be used in imposing a sentence as a habitual offender. The other cases cited in Rios answered questions not applicable to our case. Cases subsequent to Rios dealing with the distinction between a conviction and sentencing also are inapposite to our case. In State v. Costagliola, 144 N.J. Super. 589 (Cty.Ct. 1976), the question was whether a defendant qualifies for supervisory treatment pursuant to N.J.S.A. 24:21-27 after a judgment of conviction has been *27 entered on the crime in question. In Local 1804, Longshore Association v. Waterfront Comm'n, 171 N.J. Super. 508 (App.Div. 1979), aff'd 85 N.J. 606 (1981), the decision dealt with whether a trade union man could assume a union office while he is appealing his conviction or if he is disqualified by N.J.S.A. 32:23-80 and N.J.S.A. 32:23-80.2.[4]
Finally, McCall was reversed by the Supreme Court on other grounds, 14 N.J. 538 (1954), but without any discussion of the distinction between the jury verdict and the entry of the judgment of conviction. Subsequent decisional authority, particularly Sands, has drained McCall of continuing vitality as controlling law.
To a defendant witness there is a vast difference, and one of legal significance, between a jury verdict of guilty and the entry of a judgment of conviction. For determining the meaning of "conviction" as it is used in N.J.S.A. 2A:81-12, whatever the term may mean in other connections, in its application to a defendant witness "conviction" imports a sentenced defendant whose right to appeal following trial has expired. Only with the entry of a judgment of conviction can the guilty verdict be considered final. In this way the accused will be subject to impeachment only after a trial judge has passed on a motion for a new trial and decided that the jury verdict rested on competent and adequate evidence and was not the product of prosecutional misconduct. Even then, the prior conviction will not be admissible if the defendant has filed a notice of appeal which challenges the integrity of the verdict. State v. Anderson, 177 N.J. Super. 334, supra.
*28 To hold otherwise would penalize defendant because of circumstances which are entirely beyond his control or accountability: the sentence date set by the judge following conviction and the status of the trial calendar. Defendant was not responsible for the commencement of the second trial before being sentenced for the offense of which he was convicted. Substantial rights ought not to depend upon such chance occurrences. A defendant ought not to be denied the opportunity to avoid impeachment just because his right to appeal has not yet accrued. The State may not use the recent conviction at this trial.
NOTES
[1] Severance of the counts was required by R. 3:15-2(b). See, also, State v. Middleton, 143 N.J. Super. 18 (App.Div. 1976), aff'd o.b. 75 N.J. 47 (1977).
[2] N.J.S.A. 2A:81-12 provides as follows:

For the purpose of affecting the credibility of any witness, his interest in the result of the action, proceeding or matter or his conviction of any crime may be shown by examination or otherwise, and his answers may be contradicted by other evidence. Conviction of crime may be proved by the production of the record thereof, but no conviction of an offender shall be received in evidence against him in a civil action to prove the truth of the facts upon which the conviction was based.
[3] This written opinion supplements the oral ruling made at trial. Defendant did in fact appeal from the sentence which was imposed on January 7, 1983.
[4] Other cases cited in McCall resolved the following inapposite questions: State v. Williams, 89 N.J.L. 234 (E. & A. 1916)  can a conviction result when circumstances indicate a jury is still in the process of agreeing upon a verdict? State v. Byra, 128 N.J.L. 429 (Sup.Ct. 1942)  are the crimes of breaking and entering with intent to commit larceny and larceny separate offenses? State v. Addy, 43 N.J.L. 113 (Sup.Ct. 1881)  the effect of the issuance of a suspended sentence upon the finality of the judgment.