STATE OF NEW JERSEY, PLAINTIFF, v. ARIEL RODRIQUEZ, DEFENDANT.

Superior Court of New Jersey
Law Division Essex County

Decided January 30, 1985.

involves the utilization or noninvolvement of probation officers supervising defendant's progress and assisting to that end.

544

*Lynne Williams,* Asst. Pros., for State (*George L. Schneider,* Essex Cty. Pros., attorney).

*John McGinnity* for defendant.

STERN, J.S.C.

This case requires the court to decide if the presumption against imprisonment applies to a defendant who is the subject

of a pending direct appeal and who is awaiting sentencing on other criminal matters.

Defendant, Ariel Rodriquez, was convicted of possession with intent to distribute controlled dangerous substances as a result of two separate trials on two separate indictments. The substances possessed were doriden and empirin with codeine, and each conviction carried a five year maximum sentence. *N.J. S.A.* 24:21–19(b)(3). At the time of sentencing following the first trial, the presumption against imprisonment clearly applied, *see N.J.S.A.* 2C:44–1(e); *State v. Sobel,* 183 *N.J.Super.* 473 (App. Div.1982), and defendant received a probationary sentence. He filed a timely direct appeal, which is now pending. Defendant is also awaiting sentencing following the second guilty verdict for possession with intent to distribute. Defendant was acquitted of similar charges at a trial conducted between the two matters resulting in convictions.

After the third trial and the second adverse verdict, defendant pled guilty to the charge of possession of controlled dangerous substances, doriden and empirin with codeine, embodied in another indictment. Another count of that indictment, charging possession of the substances with intent to distribute, and another indictment charging similar offenses are recommended for dismissal as a result of the negotiated plea disposition. *R.* 3:9–3.

*N.J.S.A.* 2C:44–1(e) provides:

> The court shall deal with a person convicted of an offense other than a crime of the first or second degree, who has not previously been convicted of an offense, without imposing a sentence of imprisonment unless, having regard to the nature and circumstances of the offense and the history, character and condition of the defendant, it is of the opinion that his imprisonment is necessary for the protection of the public under the criteria set forth in subsection [*N.J.S.A.* 2C:44–1]a.

When a defendant is convicted of a Title 24 offense with a maximum sentence of five years or less, the presumption against imprisonment embodied in *N.J.S.A.* 2C:44–1(e) clearly applies. *State v. Sobel, supra.* The question in this case is whether the presumption applies given the prior adverse ver-

dicts where one matter is on direct appeal and the other will be pending sentence or subject to a timely direct appeal at the time of scheduled sentencing in this case. The issue arises in light of *N.J.S.A.* 2C:44–4(a) and (b), which provide:

a. Prior conviction of an offense. An adjudication by a court of competent jurisdiction that the defendant committed an offense constitutes a prior conviction.

b. Prior conviction of a crime. An adjudication by a court of competent jurisdiction that the defendant committed a crime constitutes a prior conviction, although sentence or the execution thereof was suspended, provided that the time for appeal has expired and the defendant was not pardoned on the ground of innocence.

A crime is one type of "offense," and defendant has been found guilty of two separate crimes. *See N.J.S.A.* 2C:1–4, 1–14(k).[1]

Prior to the adoption of the Code of Criminal Justice, effective September 1, 1979, a conviction following trial could not be used to impeach the credibility of a defendant while testifying in another matter, while the conviction was pending direct appeal. *State v. Blue,* 129 *N.J.Super.* 8 (App.Div.), certif. den. 66 *N.J.* 328 (1974). The situation was different if defendant's conviction followed a plea of guilty. *State v. Anderson,* 177 *N.J.Super.* 334 (App.Div.1981). *See also State v. Eddy,* 189 *N.J.Super.* 22 (Law Div.1982); *State v. Rios,* 155 *N.J.Super.* 11 (Law Div.1977) (matters pending sentence). *Note, State v. Miscavage,* 62 *N.J.* 294 (1973); *State v. Talbot,* 135 *N.J.Super.* 500 (App.Div.1975), aff'd 71 *N.J.* 160 (1976). The subject of whether a matter pending direct appeal constituted a "conviction" was also analyzed in other contexts before adoption of the Code. *See, e.g., State v. Johnson,* 109 *N.J.Super.* 69 (App.Div. 1970) (offense occurred before prior disposition; defendant not deemed second offender).

In *State v. Anderson,* 186 *N.J.Super.* 174 (App.Div.1982), aff. o.b. 93 *N.J.* 14 (1983), it was recently held that a prior conviction

---

[1] The State does not argue that the use of the word "offense", as opposed to "crime", in *N.J.S.A.* 2C:44–1(e) is significant or renders consideration of *N.J.S.A.* 2C:44–4(b) inappropriate.

within the meaning of *N.J.S.A.* 2C:14–6 had to have been the subject of a judgment prior to the commission of the offense then before the court for sentencing. Similarly, in *State v. Biegenwald,* 96 *N.J.* 630 (1984) and *State v. Bey,* 96 *N.J.* 625 (1984), the Supreme Court held that a murder conviction pending direct appeal was not a "conviction" for purposes of an aggravating factor, relating to a prior conviction for murder, within the meaning of the law governing capital punishment, *N.J.S.A.* 2C:11–3c(4)(a).

Although the recent cases analyzing what constitutes a prior "conviction" for purposes of certain sections of the Code are worthy of significant consideration, the resolution of similar issues do not control with respect to the question in this case and the statutory interplay at issue in this matter. *N.J.S.A.* 2C:44–4 was designed to protect a defendant from treatment as a prior offender pending a timely direct appeal of the subject of his conviction. Certainly, the primary concern may relate to the concept of prior convictions for purposes of extended term treatment. *See N.J.S.A.* 2C:43–7, 44–3. However, the protection also applies in this type of situation where the prior transactions are subject to review by the appellate courts. See *State v. Biegenwald, supra,* 96 *N.J.* at 636, 640. I need not decide if any distinction between trial and pleas survive the Code for this purpose. *See N.J.S.A.* 2C:1–1(e). In both prior matters involved in this case defendant was found guilty at trial.

■■ Double jeopardy and due process principles apply in connection with sentencing. *See, e.g., State v. Rodriguez,* 97 *N.J.* 263 (1984); *State v. Ryan,* 86 *N.J.* 1 (1981), *cert.* den. 454 *U.S.* 880, 102 *S.Ct.* 363, 70 *L.Ed.*2d 190 (1981). Therefore, the sentence upon execution could never be increased following affirmance of the prior matters. Hence, upon initial sentencing the court must be able to consider whether defendant has been found guilty on a prior occasion or occasions, *see N.J.S.A.* 2C:44–1(a), irrespective of the chronology of events. Cf. *State*

*v. Bey, supra,* 96 *N.J.* at 628–629. Any reversal of the prior matter can be considered on appeal from the new sentence. Accordingly, I hold that the presumption against imprisonment is applicable in this case, but that the prior verdicts and judgments can be considered in evaluating whether the presumption is overcome for the protection of the public. *N.J.S.A.* 2C:44–1(e).[2]

---

[2] I note that while this opinion does not deal with whether the prior adjudication can constitute an aggravating factor, *per se, compare State v. Bey, supra,* it would appear that the prior verdicts constitute part of defendant's present "criminal record" and impact on the risk of another offense. *N.J.S.A.* 2C:44–1(a)(3), (6). I also note that at the time defendant was sentenced following the first verdict, the court concluded that the presumption against "imprisonment" included "imprisonment" as a condition of probation, but that the presumption was overcome for the reasons stated at the time of sentencing. Defendant was sentenced to a probationary sentence with a custodial aspect of 180 days. *See N.J.S.A.* 2C:43–2b, 44–1e, 45–1c; *State v. Hess,* 198 *N.J.Super.* 322 (App.Div.1984). The timing of the present offense, as occurring before or after the prior verdicts or judgments, may be important in evaluating the present presumption. *See also N.J.S.A.* 2C:44–5. I conclude, given *N.J.S.A.* 2C:44–4, that the Legislature was concerned with the fact of multiple convictions, but that a person cannot be deemed previously convicted only if a judgment was entered prior to the commission of the offense now before the court for sentencing. Compare *State v. Bey,* supra 96 *N.J.* at 628–629; *State v. Anderson, supra.*