STATE OF NEW JERSEY, PLAINTIFF, v. JOHN
LESANE, DEFENDANT.

Superior Court of New Jersey
Law Division Bergen County

Decided November 20, 1987.

---

[2]Whether the New Jersey statute applies to contracts entered into after the act's effective date, but arising out of crimes committed before the effective date is not before us.

[3]The order also dismissed the first count alleging wrongful death and the fourteenth and sixteenth counts alleging defamation. Plaintiffs-appellants' brief on appeal did not address dismissal of these counts.

*James Santulli,* for the State (Bergen County Prosecutor's Office).

*Carlos Peay, Jr.,* for defendant.

MINUSKIN, J.S.C.

The issue before the Court on appeal from the Municipal Court of the Village of Ridgewood is whether Municipal Court judges are compelled to follow *N.J.S.A.* 2C:44-1(e) which governs the imposition of sentence and recognizes a presumption of non-incarceration of persons who have not previously been convicted of an offense.

On April 10, 1986, defendant's vehicle was stopped by the Ridgewood Police who were investigating a theft that had occurred in the area. The police questioned the defendant after he exited the car. An altercation resulted between the defendant and the police officers and the defendant was charged with assault and battery upon a police officer in violation of *N.J.S.A.* 2C:12-1(b)(5)(a). After referral to the Prosecutor's Office, the

matter was downgraded to a charge of simple assault and battery in violation of *N.J.S.A.* 2C:12–1(a)(1) and forwarded to the Municipal Court for trial. Defendant, who had no prior record of conviction for an offense, pled guilty to the simple assault charge. The Municipal Court judge sentenced the defendant to six months in the Bergen County Jail and suspended five months of that sentence thereby requiring 30 days of incarceration. He did so without stating any reasons other than commenting that the defendant had an uncontrollable temper and further stating that the downgrading by the Prosecutor's Office had reduced his authority to impose a greater sentence. Defendant appealed, claiming that the Municipal Court judge should have recognized the presumption of non-incarceration pursuant to *N.J.S.A.* 2C:44–1(e). This Court agrees.

*R.* 7:4–6(c) provides that *R.* 3:21–4(e) applies to proceedings in the Municipal Court. In turn, *R.* 3:21–4(e) requires that the Judge, upon sentencing, shall state his reasons for withholding or imposing imprisonment under *N.J.S.A.* 2C:44–1(e). It reads as follows:

> The court shall deal with a person convicted of an offense other than a crime of the first or second degree, who has not previously been convicted of an offense, without imposing sentence of imprisonment unless, having regard to the nature and circumstances of the offense and the history, character and condition of the defendant, it is of the opinion that his imprisonment is necessary for the protection of the public under the criteria set forth in subsection a.

There is no doubt that the presumption against imprisonment must be applied upon sentencing. This has been so even where the defendant had prior convictions that were in the process of appeal. *State v. Rodriquez,* 202 *N.J.Super.* 543 (Law Div. 1985).

The defendant in the instant case had not been previously convicted of an offense and no recognition was given to that fact on sentencing. At no time were the reasons specified to set forth aggravating or mitigating factors which must be considered in applying *N.J.S.A.* 2C:44–1(e).

Based upon *R.* 7:4–6(c) and *R.* 3:21–4(e), a proper sentence requires consideration by the Municipal Court judge of the presumption of non-incarceration set forth in *N.J.S.A.* 2C:44–1(e).

Since this was not done, this Court finds the sentence to be improper and sets that sentence aside and will resentence.