127 N.J. Super. 84 (1973)
316 A.2d 474
MICHAEL BRUNO, DONALD BUSHER, WOODROW ERNEST, BERNARD O'BRIEN, AND JOSEPH BORAWSKI, AS AND FOR THEMSELVES AND AS MEMBERS OF A CLASS HAVING AN INTEREST IN THE FUNDS OF FORMER LOCAL UNION 853, CARPENTERS, JOINERS & MILLWRIGHTS OF AMERICA, PLAINTIFFS-APPELLANTS,
v.
JOHN MUNDY, SECRETARY AND BUSINESS AGENT; BARTHOLOMEW BOGLIOLI, TREASURER; MICHAEL LAPCZYNSKI, VICE-PRESIDENT; PAUL MOSCETTI, TRUSTEE; AND FELIX HELRIGEL, TRUSTEE; HAROLD RHODES, FINANCIAL SECRETARY; L. LUCARIELLO, FORMER TREASURER; ALL OF FORMER LOCAL 853, CARPENTERS AND MILLWRIGHTS, A LABOR ORGANIZATION; WILLIAM GLENFIELD, PRESIDENT OF CRAFTSMEN'S HALL, INC.; AND CRAFTSMEN'S HALL, INC., A NON-PROFIT CORPORATION ORGANIZED UNDER THE LAWS OF NEW JERSEY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 30, 1972.
Decided May 18, 1973.
*86 Before Judges LORA, ALLCORN and MEANOR.
Mr. Robert C. Neff argued the cause for the appellants (Meth & Wood, attorneys).
Mr. John A. Craner argued the cause for the respondents (Craner & Brennan, attorneys).
PER CURIAM.
It is uncontroverted that at and following the consolidation order of October 29, 1965, these defendants held, received and disbursed various monies and other assets of Local 853. The defendants thereby became and remained trustees of said monies and assets for the membership of Local 853.
The plaintiffs, on behalf of themselves and all other persons who were members of Local 853 at the time of the promulgation of the consolidation order, seek and are entitled to a full and complete accounting from the defendants setting forth, in detail, (a) the nature, source and amount of all monies and other assets of Local 853 (or the membership thereof) which have come into the hands of the defendants, and (b) the disposition of all of said monies and other assets, showing the date, amount and purpose of each disbursement or other disposition  including a full statement or list of all of the monies and other assets presently on hand.
The defendants literally have refused to prepare and to submit any accounting whatever, full and complete, or otherwise. The alleged failure or omission of the defendants to make or maintain records should not and does not operate to relieve them of this fundamental fiduciary duty.
Nor may the defendants take refuge in 29 U.S.C. § 501. Once the consolidation order issued, Local 853 ceased to be a "labor organization" within the meaning and intent of § 501, and thus § 501 would appear to be inapplicable. [See, 29 U.S.C. §§ 152(5) and 206(d)(4).] In any event, § 501 clearly authorizes a suit for an accounting where, as here, the persons holding the assets and property *87 have refused to account, and good cause for such an accounting has been so obviously demonstrated. Sabolsky v. Budzanoski, 457 F.2d 1245, 1252-1253 (C.A. 3rd, 1972), cert. den. 409 U.S. 853, 93 S.Ct. 65, 34 L.Ed.2d 96 (1972); Hood v. Journeymen Barbers, Hairdressers, etc., 454 F.2d 1347, 1354, n. 23 (C.A. 7, 1972).
Likewise, the trial court erred in authorizing the defendants to use the assets of Local 853 as a source of funds for advancement to or reimbursement of their attorneys for expenses incurred in their individual resistance to the consolidation. Without authorization by a majority of those persons constituting the membership of Local 853 at the time of the promulgation of the order of consolidation, the defendants have no right, power or authority to use trust funds for such purpose.
Accordingly, the judgment is reversed and the cause is remanded to the Chancery Division to enter judgment directing the defendants to file with said court, by a date certain, a full and complete accounting for the period commencing October 29, 1965 and ending 10 days prior to the date fixed for the filing of the account; fixing dates for the filing and service by the plaintiffs of exceptions to said accounting and for the trial or other disposition of any such exceptions; and directing counsel for the defendants to restore to the Receiver all sums paid or advanced to them out of the funds and assets of Local 853, within 30 days from the date of the filing of this opinion, in accordance with the terms of the order of the trial court authorizing such advances.
MEANOR, J.A.D., Temporarily Assigned (Dissenting).
Although the majority reaches a desirable result, it is my opinion that 29 U.S.C.A. § 501 controls and requires a dismissal of this action. Accordingly, I dissent.
This labor controversy was initiated by a complaint which charged the individual defendants with breach of their fiduciary duties as officers and trustees of a union local.
*88 The local involved is Local 853, Carpenters, Joiners and Millwrights of America. On October 29, 1965, the United Brotherhood of Carpenters and Joiners of America, AFL-CIO, ordered that Local 853 be consolidated with a larger neighboring organization. Local 853 theretofore had jurisdiction over a territory centered in Bound Brook, New Jersey. The intrinsic reason for the consolidation was that Local 853 could not adequately service its territory.
Approximately 13 members of Local 853 did not comply with the consolidation order. They retained control of the local's assets. Most, if not all of the other members, including the plaintiffs, joined the organization to which consolidation had been ordered. The consolidation order was judicially contested and held valid by the United States District Court For The District of New Jersey in an unreported opinion September 29, 1972. The consolidation order was contested through intra-union procedure prior to the Federal Court action.
Both counts of the complaint refer to and rely on 29 U.S.C.A. § 501. In pertinent part Section 501 provides as follows:
(a) The officers, agents, shop stewards, and other representatives of a labor organization occupy positions of trust in relation to such organization and its members as a group. It is, therefore, the duty of each such person, taking into account the special problems and functions of a labor organization, to hold its money and property solely for the benefit of the organization and its members and to manage, invest, and expend the same in accordance with its constitution and bylaws and any resolutions of the governing bodies adopted thereunder, to refrain from dealing with such organization as an adverse party or in behalf of an adverse party in any matter connected with his duties and from holding or acquiring any pecuniary or personal interest which conflicts with the interests of such organization, and to account to the organization for any profit received by him in whatever capacity in connection with transactions conducted by him or under his direction on behalf of the organization ...

* * * * * * * *
(b) When any officer, agent, shop steward, or representative of any labor organization is alleged to have violated the duties declared in subsection (a) of this section and the labor organization or its *89 governing board or officers refuse or fail to sue or recover damages or secure an accounting or other appropriate relief within a reasonable time after being requested to do so by any member of the labor organization, such member may sue such officer, agent, shop steward, or representative in any district court of the United States or in any State court of competent jurisdiction to recover damages or secure an accounting or other appropriate relief for the benefit of the labor organization. No such proceeding shall be brought except upon leave of the court obtained upon verified application and for good cause shown, which application may be made ex parte ...
There is no doubt that the allegations of the complaint in this case bring the action within Section 501. It is apparent the prerequisites to bringing this action were not met. They are (1) that a demand for the relief requested be refused by the union after the lapse of a reasonable time, and (2) that no action may be brought except upon leave of court obtained on verified application for good cause shown.
The purpose of these essential preliminaries to the institution of legal action has been the subject of discussion in Federal cases to which deference must be given in interpreting this statute. The requirement of a demand for rectification of the grievance and forebearing suit for a reasonable time in order to permit compliance is an expression of the congressional will that, wherever possible, intra-union controversy be settled by intra-union means. The requisite of initial judicial permission, for good cause shown, before suit may be instituted evinces a Congressional intent to save unions from vexatious litigation which has no basis in fact. These two requirements have been described as mandatory. See Purcell v. Keane, 406 F.2d 1195 (3rd Cir.1969); Cassidy v. Horan, 405 F.2d 230 (2nd Cir.1968); Coleman v. Brotherhood Of Railway & Steamship Clerks, etc., 340 F.2d 206, 15 A.L.R. 3rd 933 (2nd Cir.1965); Horner v. Ferron, 362 F.2d 224 (9th Cir.1966), cert. denied 385 U.S. 958, 87 S.Ct. 397, 17 L.Ed.2d 305 (1966); Persico v. Daley, 239 F. Supp. 629 (D.C.N.Y. 1965); International Brotherhood of Teamsters, etc. v. Hoffa, 242 F. Supp. 246 (D.D.C. 1965).
*90 It is obvious that the remedy provided by Section 501 was intended to be an exclusive one. A distinction must be drawn between remedy and substantive law. Section 501 was meant to draw upon State law of fiduciary relationships for rules of decision. See Highway Truck Drivers And Helpers Local 107 v. Cohen, 182 F. Supp. 608 (D.C. Pa. 1960), affirmed 284 F.2d 162 (3rd Cir.1960), cert. denied 365 U.S. 833, 81 S.Ct. 747, 5 L.Ed.2d 744 (1961); Holdeman v. Sheldon, 204 F. Supp. 890, 895 (D.C.N.Y. 1962), affirmed 311 F.2d 2 (2nd Cir.1962). But in any controversy within its terms, the preludes provided therein must be obeyed before any court may entertain the action on its merits. Cassidy v. Horan, supra; Giordani v. Hoffman, 278 F. Supp. 886 (D.C. Pa. 1967). The congressional will in imposing these essential preliminary steps to legal action would have no meaning if Section 501 were thought simply to impose another remedy concurrent with that provided by the various state laws.
This appeal has been compounded because Section 501 requires a result neither plaintiffs nor defendants seek. Judgment went to the defendants below and they seek an affirmance in order to put an end to the dispute. The plaintiffs seek a reversal and a new trial expanded beyond the perimeters of the litigation as the trial court saw it. Neither side argues for the Section 501 compelled result of a remand and dismissal on procedural grounds.
The record contains no articulated treatment by the trial court of the Section 501 issue. I infer, and the parties seem to agree, that the trial court, because of Section 501, limited the action to a contest over breach of fiduciary duty between the time the order of consolidation became final and the time of trial  a period of about 18 months.
The trial court apparently was of the view that Section 501 applied up to the time that the consolidation order became final because up to then Local 853 existed as a labor organization and no suit such as this could be brought against it without compliance with the statute's essential preliminary steps. Thereafter, the trial court seems to have reasoned, *91 Local 853 did not exist as a labor organization and thus for the time period following finalization of the order of consolidation an action for breach of fiduciary duties could be brought exclusively under state law. I cannot agree.
I accept the trial court's implied determination that this case arises under Section 501; I accept the implied ruling that Section 501's procedural preliminaries were not met; I agree that, therefore, the complaint cannot be heard on its merits for alleged breach of fiduciary duty during all times when Local 853 was a viable union entity; but I cannot agree that Local 853 was not such during any time relevant here.
Local 853 either existed as a separate entity or as an indefinable part of a consolidated union. It never ceased to exist. It would be strange indeed if Section 501 could be vitiated by merger or consolidation thus depriving the former or new labor organization of the protection the statute affords.
Section 501 gives a right of action only to any "member" of the labor organization. The argument has been made that this is an action by former members of a labor organization and as former members the plaintiffs have no standing to sue. Hence, the argument runs, the action is without section 501.
The issue whether Section 501 grants relief to former union members is not involved here. It may be noted, however, that it would be ironic to say that members driven out by fiduciary dereliction lost their Section 501 rights because of the very conduct they seek to remedy. Rather, it would be appropriate to hold that the statute gives standing to "members" as of the time during which the conduct of the fiduciaries is called into question.
As noted above, the plaintiffs, or at least some of them, obeyed the order of consolidation and joined the local into which consolidation was ordered. Thus, they were at all pertinent times members of Local 853 or its successor by consolidation and had statutory standing to sue as members.
I would hold, therefore, that since this action is one exclusively under Section 501 and that since the mandatory *92 prerequisites to seeking judicial relief thereunder were not met, the judgment below should be vacated and remanded with directions to dismiss the complaint. Such a dismissal should be without prejudice in order to permit the plaintiffs to reinstitute suit if the demands of Section 501 can be satisfied.