162 N.J. Super. 174 (1978)
392 A.2d 615
JAMES T. O'HALLORAN, PLAINTIFF-RESPONDENT,
v.
VINCENT DeCARLO, AND PETER M. MOCCO, RALPH AFFUSO, ALPHONSE PINTO, WILLIAM V. DUFFY, AS CONSTITUTING THE BOARD OF COMMISSIONERS OF THE TOWNSHIP OF NORTH BERGEN IN THE COUNTY OF HUDSON, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued September 12, 1978.
Decided September 21, 1978.
*175 Before Judges LYNCH, CRANE and HORN.
Mr. Leonard Meyerson argued the cause for appellant Vincent DeCarlo (Messrs. Miller, Hochman, Meyerson & Schaeffer, attorneys; Mr. Gerald D. Miller on the brief).
Mr. Ralph R. Feigelson, attorney for appellant Township of North Bergen, submitted the matter on appellant DeCarlo's brief.
*176 Mr. Lowell Espey, Deputy Attorney General, argued the cause for respondent (Mr. John J. Degnan, Attorney General, attorney; Mr. William F. Hyland, Former Attorney General).
PER CURIAM.
The judgment is affirmed substantially for the reasons stated in the opinion of Judge Lawrence Bilder, reported at 156 N.J. Super. 249 (Law Div. 1978). We comment brifly on certain points.
Defendant urges that his conviction did not denote moral turpitude because the trial judge at the criminal proceeding struck out charges in the fourth count of the indictment that defendant and Paul J. Lombardo, municipal Director of Public Safety and one of the alleged conspirators, defrauded Taffaro Lumber Company. The fourth count charged defendant and Lombardo with obtaining "material and other things of value" from Taffaro Lumber Co. and Union City with intent to cheat and defraud them.
But the fact remains that defendant on the first count of the indictment was found to have "willfully and knowingly" conspired "to pervert the due administration of the laws of the State of New Jersey pertaining to the requirements for public advertisement for bids and public bidding in public contracts" and "to violate the criminal laws of the State of New Jersey pertaining to the misconduct in office of public officials." Had the jury not found the necessary intent to have existed, it would not have found defendant guilty. Accordingly, we concur in the trial judge's conclusion that the offense charged was one which involved moral turpitude.
We also agree with the trial judge that in a case such as this, where the conviction of a crime of moral turpitude is clearly present, defendant cannot go behind the "conviction" mentioned in the statute, N.J.S.A. 2A:135-9, in order to circumvent the statutory mandate of forfeiture of his office.
Affirmed.