LOCAL 1804, INTERNATIONAL LONGSHOREMEN'S ASSOCIA-TION, AFL–CIO, LOCAL 1804–1, INTERNATIONAL LONG-SHOREMEN'S ASSOCIATION, AFL–CIO AND JAMES CASHIN, PLAINTIFFS-APPELLANTS, v. WATERFRONT COMMISSION OF NEW YORK HARBOR, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued December 3, 1979—Decided December 20, 1979.

Before Judges BISCHOFF, BOTTER and DWYER.

*Gerald D. Miller* argued the cause for appellants (*Miller, Hochman, Meyerson & Schaeffer,* attorneys for appellants Local 1804, ILA, AFL–CIO, Local 1804–1, ILA, AFL–CIO; *John P. Russell,* attorney for James Cashin).

*Gerald P. Lally* argued the cause for respondent (*Susan Lushing,* Assistant Counsel, of the New York Bar, on the brief).

The opinion of the court was delivered by

BISCHOFF, P. J. A. D.

This appeal requires us to determine whether the disqualification to hold office because of a conviction of crime provided by § 8 of the Waterfront Commission Act, *N.J.S.A.* 32:23–80 and *N.J.S.A.* 32:23–80.2, occurs upon conviction in the trial court or only after affirmance on appeal.

James Cashin was the secretary-treasurer of Locals 1804 and 1804–1 of the International Longshoremen's Association, AFL–CIO. After a jury trial in Superior Court, Cashin was convicted on April 11, 1978 of assault with an offensive weapon (*N.J.S.A.* 2A:90–3) and assault with intent to kill (*N.J.S.A.* 2A:90–2). He was sentenced to two concurrent terms of one to three years in State Prison and appealed his conviction. After Cashin's conviction, the Waterfront Commission of New York Harbor (Commission) advised the president of the International Longshoremen's Association by letter dated July 3, 1978 that unless Cashin resigned his office with Locals 1804 and 1804–1, § 8 of the Waterfront Commission Act would be violated each time union dues, assessments and other payments were collected or received. The Commission sent a second letter on November 24, 1978 to the stevedore companies that employed members of Locals 1804 and 1804–1, advising them to refrain from collecting or receiving members' dues so long as Cashin held office because their doing so would violate § 8 of the Waterfront Commission Act.

Plaintiff filed this action for a judgment declaring that § 8 of the Waterfront Commission Act should be construed to take effect only upon affirmance on appeal of the judgment of conviction of Cashin. Cross-motions for summary judgment were filed and, after argument, the trial judge held that

> . . . [T]he term convicted as it appears in Sections 8, 8–a and 8–b of the Waterfront Commission Act, N.J.S. 32:23–80, N.J.S. 32:23–80.1 and N.J.S. 32:23–80.2, applies from the date of the imposition of sentence after the entry of a guilty plea or a finding of guilt by a court or jury and not after the expiration of all appeals as contended by plaintiffs . . . .

Judgment was entered for defendant dismissing plaintiff's complaint and adjudging that James Cashin:

> . . . [S]tands convicted of high misdemeanors as that term is used in Sections 8, 8–a and 8–b of the Waterfront Commission Act, N.J.S. 32:23–80, N.J.S. 32:23–80.1 and N.J.S. 32:23–80.2, as of June 22, 1978.

This appeal by plaintiffs presents the single issue of whether § 8 of the Waterfront Commission Act which prohibits individuals who have been convicted of certain crimes from holding positions with labor organizations includes individuals whose appeals of trial court convictions are pending.

Section 8 of the Waterfront Commission Act, *N.J.S.A.* 32:23–80, provides in pertinent part:

> No person shall solicit, collect or receive any dues, assessments, levies, fines or contributions, or other charges within this State of New Jersey for or on behalf of any labor organization which represents employees registered or licensed pursuant to the provisions of this act . . ., if any officer, agent or employee of the labor organization for which such dues, assessments, levies, fines or contributions, or other charges are solicited, collected or received . . . has been convicted by a court of the United States, or any State or territory thereof, of treason, murder, manslaughter or any felony, high misdemeanor or misdemeanor involving moral turpitude, or any crime or offense enumerated in subdivision 3(b) of section 5–n of this act, unless he has been subsequently pardoned therefor . . . .

*N.J.S.A.* 32:23–80.2 supplements § 8 and provides in pertinent part:

> No person who has been convicted of a crime or offense specified in section 8 of this Act (*N.J.S.A.* 32:23–80) shall directly or indirectly serve as an officer, agent or employee of a labor organization, welfare fund or trust as defined in section 8 . . . .. No person, including a labor organization, welfare fund or trust within the meaning of section 8, shall knowingly permit any other person to assume or hold any office, agency or employment in violation of this section.

.    .    .    .    .    .    .    .

Plaintiffs contend, as they argued below, that Cashin will not have been "convicted" within the meaning of § 8 until he has exhausted his right of appeal. Defendant argues, as the trial judge held, that a person is convicted at the trial level when the court accepts a guilty plea or a jury verdict of guilty, or when sentence is imposed.

New Jersey courts have consistently held that a "conviction" occurs at the trial level when the court accepts a guilty plea or a jury returns a verdict of guilty. *State v. Compton,* 28 *N.J.Super.* 45, 48 (App.Div.1953); *State v. Rios,* 155 *N.J.Super.* 11, 15 (Law Div.1977). In distinguishing the terms "conviction" and "sentence," the court in *State v. Henson,* 66 *N.J.L.* (37 *Vroom* ) 601 (E. & A.1901), noted:

> The ordinary legal meaning of "conviction," when used to designate a particular state of a prosecution triable by a jury, is the confession of the accused, in open court, or the verdict returned against him by the jury, which ascertains and publishes the fact of his guilt . . . .. [at 607, quoting *Commonwealth v. Lockwood,* 109 *Mass.* 323 (1872)]

It is therefore clear that the Legislature, in prohibiting those "convicted" of certain crimes from holding union office, intended to include all those against them a verdict of guilt has been returned, notwithstanding their appeal from conviction. *See, e. g., Service Armament Co. v. Hyland,* 70 *N.J.* 550, 556 (1976).

Although there is no case specifically defining the term "convicted" as it is used in *N.J.S.A.* 32:23–80 and 80.2, this court in *Hayes v. Hudson Cty. Freeholder Board,* 116 *N.J.Super.* 21 (App.Div.1971), held that a pending appeal will not stay the operation of *N.J.S.A.* 2A:135–9, which requires any person holding public office to forfeit office from the date of his conviction or entry of plea. *Id.* at 25–26. *See also, O'Halloran v. DeCarlo,* 156 *N.J.Super.* 249, 254 (Law Div.1978), aff'd 162 *N.J.Super.* 174 (App.Div.1978). Judge Conford, writing for the court in *Hayes,* found:

> Respect for the law and confidence in public officers cannot be compelled. These attributes stand as a voluntary tribute to just laws and integrity in public office. While they exist, both the law and the official will retain public trust. Confidence in an elective official is destroyed when he is convicted of an infamous crime. * * * While neither the constitution nor the statutes effecting its purpose define the term "conviction," yet respect for the law and deference to the transcendent trust placed in public officials requires that such officer forfeit his office after the presumption of his innocence is disspelled by conviction of an infamous crime in a trial court. [116 *N.J.Super.* at 26, quoting *People ex rel. Kennan v. McGuane,* 13 *Ill.*2d 520, 150 *N.E.*2d 168, 177 (Sup.Ct. 1958)]

From this he concluded that the Legislature logically intended a public official to forfeit his office immediately upon conviction. *Id.*

The reasoning in *Hayes* applies fully to § 8 of the Waterfront Commission Act. Like the public official, a union officer is elected by the membership and owes them a fundamental fiduciary duty. *See Bruno v. Mundy,* 127 *N.J.Super.* 84, 86–87 (App. Div.1973), mod. and aff'd 64 *N.J.* 337 (1974). See also 29 *U.S.C.A.* § 501. When a union official has been found guilty of one of the crimes enumerated in § 8, he forfeits his right to the trust and confidence of the membership. In addition, the Waterfront Commission Act was enacted in 1953 to correct notorious abuses on the waterfront and eliminate criminal activities and influence in the Port of New York. *See, generally,*

*Hazelton v. Murray*, 21 *N.J.* 115, 117–126 (1956), where the act was held constitutional. As Justice Brennan, then of the Supreme Court of New Jersey, noted, a serious threat to the Port's economic wellbeing "lay in the fact that criminals, racketeers and hoodlums had acquired a stranglehold upon port activities through their control of key positions in a large number of the 64 locals of the International Longshoremen's Association (eleven of the locals were New Jersey locals) . . .." *Id.* at 120. Accordingly, § 8 of the act was specifically designed to remove convicted criminals from positions of power and influence in labor organizations. *Id.* at 123. Viewed in the light of these legislative findings on the scope and nature of the problem posed by criminal control of labor organizations in the Port of New York, it is evident the Legislature intended that a union official forfeit his office immediately upon a conviction at trial and not allow him to hold office during what may be lengthy appellate proceedings.

Plaintiffs seek to distinguish *Hayes, supra,* because *N.J.S.A.* 2A:135–9 provided not only for the forfeiture of office from the date of conviction, but contained a "restoration" clause requiring reinstatement if the conviction was reversed on appeal.[1] However, as defendant argues, the absence of a restoration

---

[1] *N.J.S.A.* 2A:135–9 provides in full: .

> Any person holding an office or position, elective or appointive, under the government of this state or of any agency or political subdivision thereof, who is convicted upon, or pleads guilty, non vult or nolo contendere to, an indictment, accusation or complaint charging him with the commission of a misdemeanor or high misdemeanor touching the administration of his office or position, or which involves moral turpitude, shall forfeit his office or position and cease to hold it from the date of his conviction or entry of plea.

> If the conviction of such officer be reversed, he shall be restored to his office or position with all the rights and emoluments thereof from the date of the forfeiture.

clause does not undermine the legislative intent underlying § 8 to protect longshoremen and correct abuses on the waterfront by ensuring the prompt removal of any union official convicted of a high misdemeanor or crime involving moral turpitude. Under § 8 the question of reinstatement upon reversal of a conviction is appropriately left to the union rather than the Commission. Moreover, the problems plaintiffs foresee if the conviction of a replaced officeholder is reversed on appeal are easily forestalled by, as in this case, suspending the officer during appeal.

Plaintiffs also rely on this court's decision in *State v. Blue,* 129 *N.J.Super.* 8 (App.Div.1974), certif. den. 66 *N.J.* 328 (1974), which held that a prior conviction could not be used to impeach the credibility of a witness while an appeal from that conviction was pending. *Id.* at 12. However, the court in *Blue* recognized the general rule that a conviction was a final judgment but nevertheless, for reasons of policy, held that a judgment of conviction on appeal should not be used as a prior conviction to impeach credibility.

Finally, plaintiffs argue that this court should be guided by 29 *U.S.C.A.* § 504, which prohibits any person convicted of an offense such as the one in this case from holding union office for five years after such conviction and provides in subsection (c) that the date of conviction shall be the later of the trial court judgment or the upholding of that judgment on appeal. Plaintiffs concede, however, that Congress has not preempted states from enacting legislation in this area. *See De Veau v. Braisted,* 363 *U.S.* 144, 155–157, 80 *S.Ct.* 1146, 4 *L.Ed.*2d 1109 (1960). And while laws relating to the same subject matter should be read *in pari materia, e. g., State v. Green,* 62 *N.J.* 547, 554–555 (1973), this rule of statutory construction does not apply with the same force when the statutes were enacted by different legislatures choosing separate, though similar, means of regulation. Moreover, this general rule of construction is but an aid to ascertaining the legislative design and cannot be used to contradict an

otherwise evident legislative policy. See *Union Cty. Freeholders Bd. v. Union Cty. Park Comm'n,* 41 *N.J.* 333, 337 (1964).

We hold that the disqualification from holding office, provided by *N.J.S.A.* 32:23–80 and *N.J.S.A.* 32:23–80.2 occurs upon conviction in the trial court and not only after the expiration of all appeals.

Affirmed.