**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3547-23

IN THE MATTER OF
GREGORY GARCIA,

    Petitioner-Appellant,

v.

NEW JERSEY POLICE
TRAINING COMMISSION,

    Respondent-Respondent.

_____

> Argued September 30, 2025 – Decided November 7, 2025
>
> Before Judges Susswein and Augostini.
>
> On appeal from the New Jersey Police Training Commission, Docket No. PTC-24-0116.
>
> Timothy R. Smith argued the cause for appellant (Caruso Smith Picini, PC, attorneys; Timothy R. Smith, of counsel; Zinovia H. Stone, on the briefs).
>
> Janet Greenberg Cohen, Assistant Attorney General, argued the cause for respondent (Matthew J. Platkin, Attorney General, attorney; Janet Greenberg Cohen, of counsel; Daniel W. Knox, Deputy Attorney General, on the brief).

PER CURIAM

Petitioner Gregory Garcia appeals the Police Training Commission's June 5, 2024 final agency decision revoking his law enforcement license based on his guilty plea conviction for possession of a large capacity ammunition magazine. Garcia contends that the revocation of his license was premature because he had not exhausted his direct appeals of the criminal conviction. He also contends that even if the New Jersey and United States Supreme Courts decline to hear his appeal—as has now occurred—we should reverse his license revocation in the interests of justice. After reviewing the record in light of the governing legal principles, we affirm.

I.

Garcia was a police officer employed by the Wharton Police Department. A search of his residence revealed various weapons, ammunition, and firearms accessories. Garcia was charged with several false representations and gun possession offenses. On November 14, 2022, he pled guilty pursuant to a plea agreement to one count of possessing a large capacity ammunition magazine—a fourth degree crime—in violation of N.J.S.A. 2C:39-3(j). On January 13, 2023, the trial court sentenced Garcia to a one-year period of non-custodial probation. Petitioner's judgment of conviction was entered on January 17, 2023.

2

On May 16, 2024, the Commission notified Garcia that it was moving to revoke his law enforcement license based on the criminal conviction. The Commission's notice stated that "the Police Licensure Act, N.J.S.A. 52:17B-66, et seq. . . . and N.J.A.C. 13:1-12.1(g) . . . mandate revocation of a law enforcement license upon proof of a criminal conviction" and that plaintiff was "convicted" of a violation of N.J.S.A. 2C:39-3(j) on January 13, 2023. Petitioner requested a hearing and asked the Commission to hold the hearing in abeyance until the resolution of his appeal of the underlying conviction. The Commission declined to hold the hearing in abeyance, explaining that it was "statutorily required" to revoke petitioner's license given the entry of a judgment of conviction.

On June 5, 2024, the Commission issued a Final Agency Decision revoking petitioner's law enforcement license. The Commission found that petitioner's criminal conviction rendered him "statutorily ineligible to hold a law enforcement license pursuant to N.J.S.A. 52:17B-71(e)(e) and N.J.A.C. 13:1-12.1(g)." This appeal followed.

Garcia also appealed his criminal conviction, which we affirmed on October 7, 2024, issuing an unpublished decision. State v. Garcia, No. A-1606-22 (App. Div. Oct. 7, 2024). On January 28, 2025, the New Jersey Supreme

3

Court denied Garcia's petition for certification. State v. Garcia, 260 N.J. 3 (2025). On June 23, 2025, the United States Supreme Court denied his petition for a writ of certiorari. Garcia v. New Jersey, 145 S. Ct. 2819 (2025) (mem.).

In the present appeal, Garcia contends that the Commission prematurely revoked his license because his criminal conviction had not been fully adjudicated, as all avenues of appeal had not been exhausted. He also contends that we should overturn his license revocation in the interests of justice.[1]

II.

The Police Training Act (Act), N.J.S.A. 52:17B-66 to -77.19, governs the licensure of law enforcement officers and authorizes the Commission to implement a statewide licensure system. N.J.S.A. 52:17B-71a. The Act explicitly requires the Commission to revoke a police officer's license if the officer has been convicted of a crime. N.J.S.A. 52:17B-71e(e).[2] The

---

[1] We note that Garcia's contention that even if the United States Supreme Court denies certiorari, his license revocation should still be reversed "in the interests of justice" was first raised in his reply-brief. Although "[w]e generally decline to consider arguments raised for the first time in a reply brief," Bacon v. State Dept. of Educ., 443 N.J. Super. 24, 38 (App. Div. 2015), certif. den. 224 N.J. 281 (2016), we have elected to address Garcia's argument that the Commission had discretion to refrain from license revocation.

[2] N.J.S.A. 52:17B-71e(e) requires license revocation if an officer has been convicted of any offense listed in 52:17B-71b(a)(13)(a)-(c). That list includes

Commission's regulations, adopted pursuant to the Act, similarly state that "[p]roof of a conviction . . . shall result in the mandatory . . . revocation of licensure." N.J.A.C. 13:1-12.1(g). This mandatory revocation requirement supports the legislative goal of ensuring that police officers uphold the public trust by meeting high standards of conduct and professionalism. N.J.S.A. 52:17B-66; see also In re Phillips, 117 N.J. 567, 576 (1990) (recognizing that a police officer is a "special kind of public employee" subject to a high standard of conduct because they "represent[] law and order to the citizenry" (quoting Twp. of Moorestown v. Armstrong, 89 N.J. Super. 560, 566 (App. Div. 1965), certif. denied, 47 N.J. 80 (1966))).

## III.

We first address Garcia's contention that the Commission erroneously revoked his license because, at the time of the final agency decision, he had not yet exhausted all avenues of appeal of his criminal conviction. Specifically, in his initial appeal brief, Garcia argues:

> until either [petitioner's] appeals and/or petitions have been sought and denied by the highest courts in this State and in the United States. . . his conviction is not

any "crime in this State." N.J.S.A. 52:17B-71b(a)(13)(a). It is not disputed that unlawful possession of a large capacity magazine is a crime.

A-3547-23

final, and it was premature of the [Commission] to revoke his law enforcement license.

As we have noted, during the pendency of this appeal, both the New Jersey and United States Supreme Courts declined to review Garcia's conviction, thus concluding the direct appeal process. In these circumstances, the gravamen of Garcia's argument has become moot. See Redd v. Bowman, 223 N.J. 87, 104 (2015) (holding an issue is moot when our decision "can have no practical effect on the existing controversy.") (quoting Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 221-22 (App. Div. 2011) (internal quotation marks omitted)).

In the interest of completeness, we add that defendant's contention that, at the time his license was revoked, he had not been "convicted" within the meaning of the Act is incorrect. In International Longshoremen's Association v. Waterfront Commission of New York Harbor, 171 N.J. Super. 508 (App. Div. 1979), we rejected that argument, holding that an administrative penalty based on a criminal conviction "occurs upon conviction in the trial court and not only after the expiration of all appeals." Id. at 515.

More recent cases confirm that a conviction occurs when a defendant pleads guilty and the trial court enters a judgment of conviction—not only once all avenues of appeal have been exhausted. See, e.g., State ex rel. T.M., 166

A-3547-23

N.J. 319, 330 (2001) ("[A] plea of guilty 'is itself a conviction; nothing remains but to give judgment and determine punishment.'" (quoting Boykin v. Alabama, 39 U.S. 238, 242 (1969))); State v. Vendrell, 197 N.J. Super. 232, 236 (App. Div. 1984) ("[I]t is well-settled that final judgment in the context of criminal proceedings is the judgment of conviction despite the pendency of an appeal."); State v. Compton, 28 N.J. Super. 45, 48 (App. Div. 1953) ("A conviction ensues whether one pleads guilty to the charge or is found guilty by the court or a jury as the result of a trial on the merits."); Schireson v. State Bd. of Med. Exam'rs, 130 N.J.L. 570, 573 (E. & A. 1943) ("A conviction in ordinary legal language consists of a plea of 'guilty' or verdict of guilty."). Given that New Jersey courts consistently interpret "conviction" to mean a guilty plea or judgment of conviction even if there are outstanding appeals, the Commission was required to revoke petitioner's license before the direct appeals process had been concluded.

IV.

We next address Garcia's additional argument as to why the revocation of his license was inappropriate. Relying on Uricoli v. Board of Trustees, Police & Firemen's Retirement System, 91 N.J. 62 (1982), Garcia argues that, like the Board of Trustees in that case, the Commission has discretion not to revoke an

officer's law enforcement license notwithstanding that the officer has been criminally convicted. That interpretation of the Act is incorrect, contradicted by the Act's plain and unambiguous text. N.J.S.A. 52:17B-71e(e) ("[T]he commission shall revoke a law enforcement officer's license" if they have been convicted of a crime in the State). Garcia's reliance on Uricoli is misplaced because the statutory provision at issue in Uricoli is starkly different from the provision in the Police Training Act. Uricoli dealt with a pension statute that did not include an express statutory mandate but rather an implied flexible rule that public pension awards require "honorable service." Uricoli, 91 N.J. at 66.

In sum, the revocation of a law enforcement license is mandatory and automatic when, as in this case, the licensee is convicted of a crime. The Commission simply had no discretion and thus we have no grounds upon which to intervene. Cf. Berta v. N.J. State Parole Bd., 473 N.J. Super. 284, 302-03 (App. Div. 2022) (holding an appellate court will disturb an agency's adjudicatory decision only if that the decision is arbitrary, capricious or unreasonable or is unsupported by substantial credible evidence in the record as a whole, and noting a reviewing court will examine "whether the agency's action violates express or implied legislative policies, that is, did the agency follow the law").

To the extent we have not specifically addressed any of petitioner's arguments, it is because they lack sufficient merit to warrant discussion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division