TRENTON BANKING COMPANY, trustee, respondent,

*v.*

LEONIE M. HOWARD, appellant.

[Submitted May 19th, 1936. Decided October 2d, 1936.]

*Mr. James J. McGoogan,* for the appellant.

*Messrs. Katzenbach, Gildea & Rudner,* for the respondent.

PER CURIAM.

This is an appeal from a decree of the court of chancery advised by Vice-Chancellor Buchanan in a suit brought by the respondent as trustee under a voluntary deed of trust for the construction thereof and for advice and instructions with respect to the execution by the respondent of the provisions therein contained, and for an order restraining the appellant from proceeding in an action at law pending and instituted by her in the New Jersey supreme court against the respondent.

The trust had to do with the investment, reinvestment and disposition of a fund of $15,000 and the income therefrom.

The vice-chancellor filed conclusions, which are not reported, in which, after holding that the court of chancery had jurisdiction in the matter, he construed the said deed of trust, advised and instructed respondent with respect to its rights, obligations and duties thereunder and the rights of other persons interested in said trust fund.

A decree was entered in accordance with the vice-chancellor's conclusions, which decree contained an order enjoining appellant forever from proceeding further in her said action at law or from prosecuting or taking any other steps in said cause in connection with the said deed of trust, but reserved unto appellant the right to institute an action against respondent on the ground of negligence, if any, with respect to certain unpaid taxes.

A careful examination and consideration of the proofs presented in this case leads us to concur in the findings of the learned vice-chancellor and convinces us that the decree entered in the court below was justified, and it is, therefore, affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ.   12.

*For reversal*—None.