133 N.J. Super. 457 (1975)
337 A.2d 387
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
WILLIE LEE JOHNSON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 11, 1974.
Decided February 18, 1975.
*458 Before Judges MICHELS, MORGAN and KENTZ.
Mr. James K. Smith, Jr., Assistant Deputy Public Defender, argued the cause for the appellant (Mr. Stanley C. Van Ness, Public Defender, attorney).
Mr. Steven Leonard Strelitz, Deputy Attorney General, argued the cause for the respondent (Mr. William F. Hyland, Attorney General of New Jersey, attorney).
*459 KENTZ, J.S.C., Temporarily Assigned.
Defendant was indicted by the Mercer County grand jury on January 7, 1971. The indictment charged defendant in three counts with (1) robbery, in violation of N.J.S.A. 2A:141-1; (2) robbery while in possession of a firearm, contrary to the provisions of N.J.S.A. 2A:151-5, and (3) unlawful possession of marijuana, in violation of N.J.S.A. 2A:18-4.
Pleas of guilty to the three counts were entered and defendant was sentenced to a prison term of 10 to 12 years on the robbery count, as well as concurrent 2-5-year terms on each of the other two counts, to be served concurrently with the robbery sentence. Defendant was also fined $100. The term sentences were suspended and defendant was placed on a three year probationary term conditional upon his attendance at a drug rehabilitation program.
On June 24, 1971 the trial judge determined that defendant had violated the terms of the probation and reinstated the original sentence. On September 14, 1972 defendant moved for a reconsideration of the custodial sentences and the trial judge granted the relief requested. The balance of the prison term was suspended and defendant was placed on three years probation on condition that he participate in the Mercer County Drug Clinic.
A bench warrant was issued by the trial court on February 23, 1973 on the representation that defendant had violated the conditions of probation. A hearing was held on September 13, 1973 at which time the trial judge found the defendant guilty of violation of probation and remanded the defendant to serve the remaining time on the original sentence.
Defendant contends on this appeal that the September 13, 1973 hearing was insufficient in that the adequate hearing requirements of N.J.S.A. 2A:168-4 and minimal due process standards were not met. Additionally, defendant urges that the trial judge exercised his discretion mistakenly when he revoked defendant's probation.
*460 Defendant states that at the September 13, 1973 hearing there were no witnesses, no sworn testimony, no cross-examination and no findings of fact. The record shows that the trial judge stated that he had been informed of defendant's discharge from the Mercer County Drug Clinic because of his failure to cooperate with the program. Defense counsel explained the reason for defendant's nonattendance at the drug clinic as follows:
Well, Mr. Johnson will explain to you that when he realized that he was charged with this new robbery he knew he was innocent of in an attempt to try and prove his innocence he tried to do some investigation on his own and realizing that if he reported to the drug program the police would be there to arrest him. He wanted to try and prove his innocence on his own and thus avoided the drug program merely so that he could, knowing he would be arrested and placed in jail.
N.J.S.A. 2A:168-4 provides that subsequent to the filing of a report that a defendant has violated the conditions of probation:
Thereupon the court, after summary hearing, may continue or revoke the probation and the suspension of sentence, and may cause the sentence imposed to be executed or impose any sentence which might originally have been imposed.
In State v. Zachowski, 53 N.J. Super. 431, 440 (App. Div. 1959), the court interpreted the meaning of a summary hearing in this context as follows:
The essential meaning of what is required by our statute to constitute an equivalent "summary hearing" must be derived from the concept of fair play  fair treatment of the defendant at this stage so he will not be made the victim of whim and caprice.
Defendant was given notice of the violation by the existence of the bench warrant. He was represented by counsel at the revocation hearing and the trial judge gave the defendant a chance to explain his noncompliance with the probationary *461 terms. We are satisfied that the requirements of N.J.S.A. 2A:168-4 have been met.
Furthermore, we find that standards of due process have also been met. Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), extends the standards of due process enunciated in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1973), to probation revocation hearings. These standards provide for
(a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking (probation or) parole. Morrissey v. Brewer, supra, at 489, 92 S.Ct. at 2604, 33 L.Ed.2d 484; Gagnon v. Scarpelli, supra, 411 U.S. at 786, 93 S.Ct. 1756.
On the record before us defendant has no just complaint of denial of due process in accordance with these standards. It is clear from his counsel's comments at the hearing that there was knowledge and even a concession by defendant of the nature and truth of the allegation of violation of probation. The only issue raised at the hearing by defendant was the merit of the excuse given by defendant for giving up the drug program, and it is clear that the trial judge did not accept that excuse.
Appellant's contention as to a mistaken exercise of the trial judge's discretion in revoking defendant's probation is without merit. While it is true that N.J.S.A. 2A:168-4 does not require a judge to revoke probation in circumstances such as the case at bar, it was clearly within the judge's power to revoke probation. Defendant admittedly did not participate in the drug program. The trial judge heard defendant's argument and then decided to revoke probation. No showing of a mistaken exercise of discretion exists. See *462 Smith v. Smith, 17 N.J. Super. 128, 132 (App. Div. 1951); State v. Wasserman, 75 N.J. Super. 480, 485 (App. Div. 1962).
Having found that the hearing below did not deprive defendant to his prejudice of any due process rights and absent any mistaken exercise of discretion by the trial judge, we affirm the revocation of probation and imposition of the balance of the original sentence.