612 A.2d 391
STATE OF NEW JERSEY, PLAINTIFF,
v. LEWIS L. EPPS, DEFENDANT.

Superior Court of New Jersey
Law Division Union County

Decided June 25, 1992.

---

[4] When evaluating the motion to disqualify, the court has not addressed movants' contention that Mrs. Whitman's personal consent to the conflicting representation was ineffectual. It is plain, however, that her interests are not identical to the Estate's and the court therefore is constrained to view her purported consent as ineffective insofar as the Estate is concerned. In any event, even if the consent were effective as to both Mrs. Whitman and the Estate, Frost must show both consent by the client and the reasonableness of his own belief under RPC 1.7. The court also declines the movants' invitation to examine Frost's conduct in unrelated cases. They urge that "Frost's testimony is not worthy of belief" and that he "has a recorded history of misrepresenting facts to courts to advance his own pecuniary interests," citing *Decibus v. Woodbridge Township Police Dept.,* 1991 *WL* 59428 (D.N.J. April 19, 1991) (Judge Wolin), *Carter v. Sanders,* 1992 *WL* 33844 (D.N.J. Feb. 20, 1992) (Judge Fisher), and *Bernick v. Frost,* 210 *N.J.Super.* 397, 510 *A.2d* 56 (App.Div.) *certif. den.,* 105 *N.J.* 511, 523 *A.2d* 158 (1986). But there is no reason for this decision to encompass Frost's conduct in unrelated cases when the record in this case alone adequately supports the decision reached. The court has decided this motion without any need to rely on *Decibus, Carter,* and *Bernick.*

*Harold Creacy,* Assistant Prosecutor for the State of New Jersey (*Andrew K. Ruotolo, Jr.,* Prosecutor of Union County).

*Roxanne J. Gregory,* Assistant Deputy Public Defender, appearing for the Defendant (*Elijah L. Miller, Jr.,* Deputy Public Defender of Union County).

BARISONEK, J.S.C.

The defendant was previously convicted of a criminal offense and was placed on probation. He was subsequently charged with a violation of probation, was found to be in violation and was continued on probation. The State during trial sought to introduce as evidence the defendant's conviction and subsequent violation of probation, if the defendant testified, to attack his credibility. The nature of the conviction, the sentence, the violation of probation and resentence were not contested.

It is generally recognized that a defendant who takes the stand in his or her own behalf may be impeached by proof of former criminal convictions or the like. *State v. Sands,* 76 *N.J.* 127, 386 *A.*2d 378 (1978); quoting *McGautha v. California,* 402 *U.S.* 183, 215, 91 *S.Ct.* 1454, 1471, 28 *L.Ed.*2d 711, 731 (1971). The rule that a prior conviction of a witness or an accused may be shown as bearing upon his/her credibility is generally acknowledged.

The New Jersey Supreme Court in *Sands, supra,* injected the concept of judicial discretion into the interpretation of *N.J.S.A.* § 2A:81–12.[1] While accepting the Legislature's position that, "in principle credibility may be affected by convictions of any

---

[1] *N.J.S.A.* § 2A:81–12 reads: For the purposes of affecting credibility of any witness, his interest in the result of the action, proceeding or matter or his *conviction* of any crime may be shown by examination or otherwise, and his answers may be contradicted by other evidence. Conviction of a crime may be proved by the production of the record thereof, but no conviction of an offender shall be received in evidence against him in a civil action to prove the truth of the facts upon which the conviction was based. (Emphasis added)

type of crime," *Sands,* 76 *N.J.* at 144, 386 *A.*2d 378, the *Sands* court concluded that the historical background and *State v. Henson,* 66 *N.J.L.* 601, 50 *A.* 468 (E. & A. 1901) did not support the inference that under every circumstance, all criminal convictions are automatically admissible as bearing on the credibility of the defendant. *Id.,* 76 *N.J.* at 138, 386 *A.*2d 378. The Court rather held that whether a former conviction is admissible in evidence "rests within the sound discretion of the trial judge." [2] *Id.* at 144, 386 *A.*2d 378.

Justice Schreiber, writing for the *Sands* court, embraced a balancing test grounded under *N.J.Evid.R.* 4 principles; is the probative value of the evidence substantially outweighed by the risk that the admission will either (a) necessitate undue consumption of time or (b) create substantial dangers of undue prejudice, confusing the issue or misleading the jury? The trial court is to weigh the lapse of time and the nature of the crime to determine whether the relevance as to credibility outweighs any prejudicial consequence to the defendant. *Id.* at 144–45, 386 *A.*2d 378. Ordinarily, admission of prior conviction evidence should be permitted, with the defendant bearing the burden to justify exclusion. *Id.* at 144, 386 *A.*2d 378.

An issue not raised in *Sands* and one of first impression in New Jersey is whether a defendant's probation revocation from a criminal conviction can itself be deemed a "conviction" for purposes of impeaching credibility under *N.J.S.A.* § 2A:81–12. Stated another way, can a witness' failure to abide by imposed probationary conditions and the subsequent revocation of that probationary status be utilized on cross-examination to impeach the witness' credibility.

---

[2] It should be noted that the *Sands* court did not specify that a separate standard is to be applied when the witness is a defendant, a State witness or a witness for the defense. *State v. Eddy,* 189 *N.J.Super.* 22, 25, 458 *A.*2d 522 (Law Div.1982). Similarly this court's opinion does not differentiate as to a State's or defense witness or a defendant who takes the stand.

An analysis as to the nature of revocation proceedings must be made to determine whether a probation revocation may be equated to a "conviction". Such an evaluation demonstrates that critical differences exist between criminal trials resulting in convictions and probation revocation hearings. One crucial difference is the potential effects and consequences of the two proceedings. A criminal trial may result in deprivation of an individual's absolute liberty, whereas revocation proceedings result in denial of an individual's conditional liberty which was available to that individual only upon observance of certain restrictions. *State v. Generoso*, 156 *N.J.Super.* 540, 384 *A.*2d 189 (App.Div.1978). Moreover, a violation of the conditions of probation is not a criminal offense in itself, and the proceeding to revoke that status is not a criminal prosecution. *Id.* at 546, 384 *A.*2d 189, quoting *Gagnon v. Scarpelli*, 411 *U.S.* 778, 782, 93 *S.Ct.* 1756, 1759, 36 *L.Ed.*2d 656 (1973). *See also State in the Interest of D.G.W.*, 70 *N.J.* 488, 506, 361 *A.*2d 513 (1976). The United States Supreme Court has also discussed the informal and flexible nature of probation revocation proceedings and the lack of need for the constitutional protections afforded to defendants in criminal trials. *Morrissey v. Brewer*, 408 *U.S.* 471, 499, 92 *S.Ct.* 2593, 2609, 33 *L.Ed.*2d 484 (1972). *See also State v. Reyes*, *id.*, 207 *N.J.Super.* at 139, 504 *A.*2d 43. As a result of these inherent differences, the entire gambit of due process standards and evidence rules generally applicable to criminal trials are not required elements of revocation proceedings. *Generoso*, 156 *N.J.Super.* at 546, 384 *A.*2d 189. *See also State v. Johnson*, 133 *N.J.Super.* 457, 337 *A.*2d 387 (App.Div. 1975).

Perhaps the most noteworthy discrepancy between the two types of proceedings is the fact that each requires application of a different standard of proof. *State v. Reyes*, 207 *N.J.Super.* 126 at 137, 504 *A.*2d 43 (App.Div.1986) held that a court may not find a violation of probation unless the defendant has been convicted of another offense or the court is satisfied by a preponderance of the evidence that the defendant has inexcus-

ably failed to comply with a substantial requirement imposed as a condition of probation. This standard is less than the reasonable doubt standard applied for a criminal conviction. It is this variation which serves as a contributing factor in the courts of Texas decisions to disallow offers of evidence concerning probation revocation in efforts to discredit a defendant who takes the stand.[3] *See generally Hernandez v. State*, 599 *S.W.*2d 614 (Tex.Crim.App.1980), which held it was error to permit impeachment of a witness with a violation of the terms of probation. "A violation of the conditions of probation need be proved only by a preponderance of the evidence, not beyond a reasonable doubt, (as is required for a conviction, a suspended sentence, or a judgment granting probation)." *Cross v. State*, 586 *S.W.*2d 478, 481 *reh. den.* (Tex.Crim.1979); *See also Baehr v. State*, 615 *S.W.*2d 713, 715-16 *reh. den.* (Tex.Crim.App.1981); *Hernandez v. State*, 599 *S.W.*2d 614, 615 (Tex.Crim.App.1980). The Texas judiciary reasons that since "probation revocation proceedings are administrative in nature," *Davenport v. State*, 574 *S.W.*2d 73 (Tex.Crim.App.1978), they do not fall within the meaning of a conviction or prior criminal record for impeachment purposes under the applicable Texas statute. *Baehr v. State*, 615 *S.W.*2d at 716; *Cross v. State*, 586 *S.W.*2d at 481.

An argument, however, can be asserted that if the violation of probation results in the imposition of a state prison sentence upon resentencing, the State should be permitted to offer evidence of the violation and the resentencing. *State v. Sinclair*, 57 *N.J.* 56 at 63, 269 *A.*2d 161 (1970), citing *State v. Merra*, 103 *N.J.L.* 361, 137 *A.* 575 (E. & A.1927) held an accused may be interrogated as to the number of previous convictions and duration of sentence. The *Sinclair* case was decided before *Sands* and *Sands* did not specifically address the issue

---

[3] A discretionary standard has been adopted in other states. *See, e.g., State v. Wilkins*, 34 *N.C.App.* 392, 238 *S.E.*2d 659 (1977) (within trial court's discretion to allow cross-examination regarding violations of the terms of probation since these matters tend to cast light on the character of the witness).

of offering evidence as to the sentence imposed. It would appear, therefore, pursuant to *Sinclair,* the State may refer not only to the criminal conviction but also to the sentence imposed thereon. If upon initial conviction the defendant receives a probationary sentence, is subsequently violated and then resentenced to state prison, is not the imposed state prison sentence relevant evidence under the reasoning of *Sands* and *Sinclair?*

While discussing the remoteness of convictions, *Sands,* 76 *N.J.* at 145, 386 *A.*2d 378 says, "A jury has the right to weigh whether one who repeatedly refuses to comply with society's rules is more likely to ignore the oath requiring veracity on the witness stand than a law-abiding citizen." If one's conduct on probation is so egregious in violating conditions of probation which warrant incarceration in state prison on resentencing, it may also be relevant in determining the defendant's trial credibility, since the defendant substantially has refused to comply with society's rules and is more likely to ignore the oath requiring veracity.

The facts in this case, however, do not even approach the above issue. Here, the defendant was continued on probation and no incarceration was imposed. The defendant's violation of those conditions of probation therefore could not have been so significant nor demonstrate that he has further substantially refused to comply with society's rules and is therefore more likely to ignore the oath.

In light of the inherent differences between criminal convictions and probation revocation proceedings as well as the *Sands'* injection of judicial discretion as to offers made pursuant to *N.J.S.A.* § 2A:81–12, this court, to a limited extent, adopts the reasoning espoused by the Texas Courts as sound policy. A finding of a violation of probation which does not result in a state prison sentence is not a new conviction and does not demonstrate a further substantial refusal to comply with society's rules, independent of the original conviction.

Where, however, the violation results in imposition of a state prison sentence, while not a new conviction, it is a new sentence and does demonstrate a significant refusal to comply with society's rules. The violation of probation evidence in turn may lead a reasonable person to determine that the witness is more likely to ignore the oath and be relevant on the overall credibility of the witness.

Since in this matter the violation of probation did not result in a resentencing which imposed incarceration in state prison, the violation of probation may not be used to attack the witness' credibility.